Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ASSETS RECOVERY 23, LLC,

         Plaintiff,

    -against-           VERIFIED COMPLAINT

KAHLIL GASPER, MARLENA GASPER, and
John Doe "1" through John Doe "10" inclusive, the names
of the twelve last named Defendants being fictitious, real
names unknown to the Plaintiff, the parties intended being
persons or corporations having an interest in, or tenants or
persons in possession of, portion of the mortgaged premises
described in the Complaint,

         Defendant(s).
---------------------------------------------------------------------------X

  Plaintiff, ASSETS RECOVERY 23, LLC, ("ASSETS"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Marlena Gasper and Kahlil Gasper (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

  1.  This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 187-40 Sullivan Road, Saint Albans, NY 11412 known on the Queens County Tax Map as BLOCK: 10399 LOT: 51 in the County of Queens, and State of New York

(the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Assets Recovery 23, LLC is a Delaware Limited Liability Company with its usual place of business at 2100 Ponce De Leon Boulevard, Suite 720, Coral Gables, Florida 33134. It is a citizen of the States of Florida and Delaware.

3. Assets Recovery 23, LLC is a single member Limited Liability Company whose sole member is a resident and citizen of the State of Florida.

4. Kahlil Gasper, upon information and belief, is a resident and citizen of the State of California, having an address at 3185 Perlita Avenue, Los Angeles, CA 90039; or 1630 N. Edgemont Street, Apt. B9, Los Angeles, CA 90027; or 187-40 Sullivan Road, Saint Albans, NY 11412. Kahlil Gasper is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

5. Marlena Gasper, upon information and belief, is a resident and citizen of the State of California, having an address at 23709 Via Segovia, Murrieta, CA 92562; or 1862 Orinda Court, Thousand Oaks, CA 91362; or 912 W. 85th Street, Los Angeles, CA 90044; or 187-40 Sullivan Road, Saint Albans, NY 11412. Marlena Gasper is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below) and (ii) is the Mortgagor under the Mortgage.

6. Upon information and belief, the John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming

to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property.

7. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

9. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

10. This action is brought to foreclose a Mortgage made by Kahlil Gasper and Marlena Gasper set out as follows: Mortgage dated September 1, 2006 made by Kahlil Gasper and Marlena Gasper to Argent Mortgage Company, LLC, to secure the sum of $345,000.00 and interest, recorded in CRFN: 2006000643294 in the Office of the City Register of the City of New York Queens County on November 20, 2006. Said lien covers premises known as 187-40 Sullivan Road, Saint Albans, NY 11412. A copy of the Mortgage is annexed as Exhibit "B".

11. On September 1, 2006, Kahlil Gasper and Marlena Gasper executed and delivered a Note to Argent Mortgage Company, LLC, in the amount of $345,000.00. A copy of the Note with Allonges is annexed as Exhibit "C".

12. Said Mortgage was then assigned to Mortgage Electronic Registration Systems, Inc., as nominee for CitiMortgage Inc. by Assignment of Mortgage recorded on February 17, 2009 in the Office of the Register of the City of New York for the County of Queens in CRFN: 2009000045865. The Note was transferred by the affixation of a proper Allonge.

13. Said Mortgage and Note were then assigned to Liquidation Properties, Inc. by Assignment of Mortgage recorded on January 7, 2010 in the office of the Register of the City of New York for the County of Queens in CRFN: 201000004993.

14. Said Mortgage and Note were then assigned to Mariners Pacific Management, LLC, by Assignment of Mortgage recorded on April 5, 2013 in the Office of the Register of the City of New York for the County of Queens in CRFN: 2013000137542.

15. Said Mortgage and Note were then assigned to Goshen Mortgage, LLC, by Assignment of Mortgage recorded on April 5, 2013 in the Office of the Register of the City of New York for the County of Queens in CRFN: 2013000137543.

16. Said Mortgage and Note were then assigned to GDBT I Trust 2011-1, by Assignment of Mortgage recorded on April 24, 2013 in the Office of the Register of the City of New York for the County of Queens in CRFN: 2013000162457.

17. Said Mortgage and Note were then assigned to Brightstar Asset Management I, LLC, by Assignment of Mortgage recorded on March 26, 2015 in the Office of the Register of the City of New York for the County of Queens in CRFN: 2015000103703.

18. Said Mortgage and Note were then assigned to the plaintiff Assets Recovery 23, LLC, by Assignment of Mortgage recorded on March 26, 2015 in the Office of the Register of the City of New York for the County of Queens in CRFN: 2015000103704. Copies of the aforementioned Assignments are annexed hereto as Exhibit "D", respectively.

19. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

20. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

21. Kahlil Gasper and Marlena Gasper failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of September, 2008 and the default continues to date.

22. Plaintiff has complied with the contractual provisions in the loan documents in that a Default Notice to cure was issued on December 17, 2018 to Kahlil Gasper and Marlena Gasper (the "Default Notices") advising of possible acceleration of the loan and that by virtue of the continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was not required, however, was issued on December 17, 2018 to Kahlil Gasper and Marlena Gasper. Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notices and 90-day notices with proof of mailing and registration are annexed hereto as Exhibit "E".

23. Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

24. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

25. As of the date herein, Kahlil Gasper and Marlena Gasper have failed to respond to the Default Notices.

26. Due to the above-described default, the Defendant Kahlil Gasper and Marlena Gasper is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

(a) The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of December 17, 2018, amounts to $253,524.89;

(b) Attorney's fees and other costs and disbursements, payable to Assets Recovery 23, LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

(c) Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

27. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a. Any state of facts that an inspection of the premises would disclose.
   b. Any state of facts that an accurate survey of the premises would show.
   c. Covenants, restrictions, easements and public utility agreements of record, if any.
   d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.
   e. Any right of tenants or person in possession of the subject premises.
   f. Any equity of redemption of the United States of America to redeem the premises with 120 days from date of sale.
   g. Prior lien(s) of record, if any.

28. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

29. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

30. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, other than (i) under Queens County Index No. 33669/2009, which has been disposed; and (ii) under EDNY Docket No. 15-cv-05049, which has been disposed.

**WHEREFORE**, the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in Paragraph 27 of this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any

sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendants Kahlil Gasper and Marlena Gasper may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: May 1, 2019
      Syosset, New York

Yours, etc.

By: /s/ Alan H. Weinreb
Alan Weinreb, Esq. (AW 9361)
The Margolin & Weinreb Law Group, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone (516) 945-6055
Facsimile (516) 945- 6056
alan@nyfclaw.com

## **VERIFICATION BY ATTORNEY**

**ALAN WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: May 1, 2019
       Syosset, New York

                                                  By: /s/ Alan H. Weinreb
                                                  **ALAN WEINREB (AW9361)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ASSETS RECOVERY 23, LLC,

                              Plaintiff,

        -against-

KAHLIL GASPER, MARLENA GASPER, and
John Doe "1" through John Doe "10" inclusive, the names
of the twelve last named Defendants being fictitious, real
names unknown to the Plaintiff, the parties intended being
persons or corporations having an interest in, or tenants or
persons in possession of, portion of the mortgaged premises
described in the Complaint,

                              Defendant(s).
-----------------------------------------------------------------------X

---

## VERIFIED COMPLAINT

---

THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone (516) 945-6055
Facsimile (516) 945- 6056
alan@nyfclaw.com