UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————X

Assets Recovery 23, LLC,
               Plaintiff,
    -vs-


Kahlil Gasper
          Defendant, Pro Se.

—————————————————X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 2 6 2019 ★
BROOKLYN OFFICE

~~MOTION FOR EXTENSION OF~~
~~TIME TO ANSWER~~

CASE NO: **19cv02628 (ENV-SJB)**

Verified Answer of
Defendant Kahlil Gasper

Defendant Kahlil Gasper, as and for the Verified Answer to the allegations of Plaintiff

Assets Recovery 23, LLC set forth in the Complaint in this action respectfully answers as

follows:

# I.
## ADMISSIONS AND DENIALS

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations in

   paragraph 1 of the verified complaint, except admits that Plaintiff purports to assert claims

   pursuant to the New York State Real Property Actions and Proceedings Law ("RP APL"),

   and that the premises against which plaintiff asserts its claims is commonly known as 187-40

   Sullivan Road, Saint Albans, New York, NY 11412.

2. Defendant lacks sufficient knowledge or information to determine the truth of the allegations

   contained in paragraph 2 of the Complaint. Defendant avers that it has no knowledge of any

   involvement with Plaintiff limited liability company and has received no communication or

correspondence from it. In reference to Plaintiff, Assets Recovery 23, LLC, Defendant calls into question the sole owner, and manager, James Fratangelo. He is also the sole owner and manager of Brightstar Asset Management I, LLC, the alleged immediate predecessor, and is clearly a financial predator who acts solely for the purpose of bringing lawsuit actions. In November 2016, I received an anonymous phone call, advising me that James Fratangelo was found guilty of fraud. James Fratangelo was also taken to court by his former business partners, John Olsen, and Daniel Cooseman, in which he was accused of fraudulent actions in co-owned businesses, including Plaintiff, Assets Recovery 23. The Court should bring James Fratangelo's credibility into question in this case.

3. Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained in paragraph 3 of the verified complaint. Defendant avers that it has no knowledge of any involvement with the Plaintiff, Assets Recovery 23, LLC and has received no communication or correspondence from it.

4. Defendant admits the allegation contained in paragraph 4 of the verified complaint insofar as it asserts factual claims against him including where he resides: 3185 Perlita Avenue, Los Angeles, CA 90039. Defendant is co-owner of the property on 187-40 Sullivan Road, Saint Albans, NY 11412. I inherited this house from our grandmother, Shirley Redmon in 2000, free and clear of any debts. Otherwise, Defendant denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and respectfully refers any questions of law contained there to to the Court.

5. Defendant admits to knowing my sister, Marlena Gasper, who upon information and belief, is a resident and citizen of the State of California, having an address at 23709 Via Segovia,

Murrieta, CA 92562. My sister, Marlena Gasper is co-owner of the property on 187-40 Sullivan Road, Saint Albans, NY 11412. We inherited our house from our grandmother, Shirley Redmon in 2000, free and clear of any debts. Though I am her brother and co-owner, I cannot compel her to come to court. I do not believe that she has been properly served in this matter. Otherwise, Defendant denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and respectfully refers any questions of law contained there to to the Court.

6.   Defendant admits to knowing my sister, Almitra Gasper as the only relevant John Doe in this case as the resident at 187-40 Sullivan Road, Saint Albans, NY 11412. She also inherited this house from our grandmother, Shirley Redmon in 2000. Otherwise, Defendant denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and respectfully refers any questions of law contained thereto to the Court.

7.   Defendant denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and respectfully refers any questions of law contained thereto the Court.

## JURISDICTION AND VENUE

8.   Paragraph 8 of the verified complaint consists of legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the verified complaint.

9.  Defendant denies each and every allegation in Paragraph 9 of the verified complaint.

    Plaintiff's alleged predecessors in interest have brought at least two prior actions seeking

    foreclosure of the mortgage at issue in this litigation: the meritorious hearing of the State

    court, *Liquidation Properties v. Gasper, et al., Index No. 33669/2009* filed in Queens

    Supreme Court, and dismissed by an order entered March 11, 2014 by the Honorable David

    Elliot, attached as Exhibit 1. I am enclosing the motion my lawyer filed as a reference,

    "Affirmation in Opposition to Plaintiff's Motion for Summary Judgment," filed in the

    Supreme Court of the State of New York County of Queens by my lawyer, S. John LeNoir,

    Esq., of LENOIR LAW FIRM, PLLC, attached as Exhibit 2. In this case, my lawyer pointed

    out that "It is abundantly clear that plaintiff lacks admissible evidence to prove a single

    element of a foreclosure claim." Plaintiff also brought a lawsuit in 2015, *Assets Recovery v.*

    *Gasper. Civil Action No. 15cv5049*, which was also dismissed.

### AS FOR THE FIRST CAUSE OF ACTION

10. Defendant denies the allegations in paragraph 10 of the verified complaint, except admits he

    signed a promissory note with Argent Mortgage. With respect to the document attached as to

    the verified complaint, Defendant denies knowledge or information sufficient to form a

    belief that the document is a true and correct copy of that which it purports to be. Defendant

    further avers that, upon information and belief, Plaintiff, as well as entities purported to be

    Plaintiff's predecessors-in-interest have designed forms and documents to give the illusion of

    an obligation; however, no such obligation was lawfully created, as alleged.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations in

    paragraph 11 of the verified complaint. Defendant further avers that the "Allonge to Note"

alleging to further endorse the note attached as part of Exhibit C on page 38 of the verified complaint is inadmissible since is has no recorded date, and is paid to the order of Plaintiff, Assets Recovery 23, LLC, from Brightstar Asset Management I, LLC, both of which are owned by James Fratangelo, signed to him, by him with no affidavit, notarized signature, or even as much as a witness.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the verified complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the verified complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the verified complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the verified complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the verified complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the verified complaint. Defendant further avers that the documents provided by the Plaintiff in their verified complaint, as evidenced by an Expanded Title Search, conducted by Gold Abstract, on September 11, 2015, attached as Exhibit 3, page 2, clearly provides a timeline which proves the Plaintiff's Lack of Standing. This information is also documented in the Plaintiff's verified complaint filed in this action against me. The County's records show that that an assignment was made from GDBT I Trust 2011-1 to Brightstar

Asset Management, I, LLC on February 4, 2015, found on page 47 and page 48 of the verified complaint but somehow Brightstar Asset Management I, LLC assigned the mortgage to Assets Recovery 23, LLC, on January 21, 2015, two weeks earlier, found on page 52 and page 53 of the verified complaint. It should be noted as it was previously, that James Fratangelo is the sole owner and manager of both Brightstar Asset Management I, LLC, and Assets Recovery 23, LLC, and should be called in to answer to this discrepancy.

18. Defendant avers that a company could not have assigned a note before they themselves received it. It is my belief, therefore, that the Plaintiff lacks standing to bring this case forward, and furthermore, that no other company can now or in the future have such standing. This case should be dismissed with prejudice for this reason alone.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the verified complaint.

20. Defendant denies the allegations contained in paragraph 20 of the verified insofar as it is the "holder" as lawfully defined. Defendant avers that mere possession, especially as in multiple forms presented within the complaint, establishes nothing more than Plaintiff has obtained multiple copies of documents from unknown sources.

21. Paragraph 21 of the verified complaint consists of legal conclusions to which no response is required. Defendant denies each and every allegation in paragraph 21 of the verified complaint.

22. Paragraph 22 of the verified complaint consists of legal conclusions to which no response is required. To the extent paragraph 22 contains factual allegations, Defendant denies each and every allegation in paragraph 22 of the verified complaint.

23. Defendant denies the allegations contained in paragraphs 23 of the verified complaint. Defendant avers that there is no evidence that could support the indebtedness owed to Plaintiff as alleged.

24. Paragraph 24 of the verified complaint consists of legal conclusions to which no response is required. To the extent paragraph 24 contains factual allegations, Defendant denies each and every allegation in paragraph 24 of the verified complaint.

25. Defendant denies each and every allegation in paragraph 25 of the verified complaint insofar as the allegation is based upon the false premise that Defendant received the "Default Notices" or that the "Default Notices" were effective as a matter of law.

26. Paragraph 26 of the verified complaint consists of legal conclusions to which no response is required. To the extent paragraph 26 contains factual allegations, Defendant denies each and every allegation in paragraph 26 of the verified complaint.

27. Paragraph 27 of the verified complaint contains a request for relief, to which no response is required.

28. Paragraph 28 of the verified complaint contains a request for relief, to which no response is required.

29. Paragraph 29 of the verified complaint consists of legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 29 of the verified complaint.

30. Defendant denies each and every allegation in Paragraph 30 of the verified complaint. Plaintiff s alleged predecessors in interest have brought at least two prior actions seeking

foreclosure of the mortgage at issue in this litigation: *Liquidation Properties v. Gasper, et al., Index No. 33669/2009* filed in Queens Supreme Court, and dismissed by an order entered March 11, 2014 by the Honorable David Elliot. This case was also brought in 2015, *Assets Recovery v. Gasper. Civil Action No. 15cv5049*, also dismissed.

## II
## DEFENSES
### First Affirmative Defense
### Standing

31. Defendant repeats the matters set forth in paragraphs 1 through 30 herein as though fully set forth at length.

32. Upon information and belief, Plaintiff lacks standing to sue because it was not the holder or assignee of the subject promissory note at the time this action was commenced.

33. Even if Plaintiff could prove standing, I believe there is insufficient evidence to establish the right to foreclose.

34. As such, Plaintiff lacks standing to bring this foreclosure action, and the verified complaint should be dismissed.

### Second Affirmative Defense
### Failure to meet the statute of limitations.

35. The statute of limitations bars this action in that the events described in the complaint occurred at least ten years before this lawsuit was commenced.

### Third Affirmative Defense
### Failure to State a Cause of Action

36. Plaintiff's complaint fails to state a cause of action insofar as plaintiff is not the holder or assignee of the promissory note giving rise to this action and is not a real party in interest with respect to the subject property.

37. As such, the verified complaint should be dismissed.

## III
## COUNTERCLAIMS

38. Defendant references a Primary Loan Audit completed by Samaritan Financial on July 15, 2009, attached as Exhibit 4, that establishes the facts underlying Affirmative Defenses and Counterclaims. I respectfully request the Court to consider and resolve these counterclaims at the same time as the Plaintiff's claims. I truly hope that the court consider the many ways that my rights were violated.

### First Counterclaim
No preliminary disclosures were given and no Good Faith Estimate was issues

39. No preliminary disclosures were provided as required by 12 CFR §226.17(b) and 226.19(a). Defendant received no TILA disclosures at all. As a general rule, disclosures must be made before "consummation" of transaction. The disclosures need not be given at any particular time before consummation, except in certain mortgage transactions and variable rate transactions secured by the consumers principle dwelling with a term greater than one year under § 226.19. Under § 226.19 the disclosures are to be given within 3 days of giving application or 3 days before consummation or whichever is earlier. No Itemization of amount financed or disclosure telling Mr. Gasper he is entitled to that disclosure in writing was given as required by 12 CFR § 226.18(c). 12 CFR § 226.18(c): Itemization of amount financed.

40. No Good Faith Estimate was issued. The real Estate Settlement and Procedures Act (RESPA) requires creditors to provide a good faith estimate of closing costs and a settlement statement listing the amounts paid by the consumer. Because a Good Faith Estimate was never received

until the closing date, Defendant was denied the ability to determine if the true cost of the loan was excessive, therefore also denying me the opportunity to shop for more affordable lending terms. This is Negligent and a Breach of Fiduciary Duty and This is a violation of the following: RESPA 12 USC §2604(c); Regulation X24 CFR §3500.7; Regulation Z 12 CFR §226.19(a); The Good Faith Estimate (GFE) of amounts/range of settlement costs (24CFR3500.7); The Unfair and Deceptive Practices Act; The Consumer Protection Act; The Truth in Lending Act (TILA) 15 USC sec.1601 (a) informed use of credit; and The Consumer Loan Act.

## Second Counterclaim
## No Truth in Lending was issued

41. No TIL (Truth-in-Lending) was issued. The Truth-in-Lending Act requires "clear and conspicuous" disclosure to borrowers of the key provisions of their mortgages. This includes such details as the eventually reset interest rate, specific loan terms, and the total dollar amount the mortgage will cost over time.

42. Failure to provide a signed copy of the TIL is a violation of the Truth in Lending Act as well as the Real Estate Settlement and Procedures Act rendering the loan void and unsecured. Damages allowed by 15 USC § 1640(a): Actual: $2000, Twice the Finance Charge: $4000, Statutory Penalty: $2000, and Costs and Attorney Fees.

## Third Counterclaim
## No broker contract was given as required by NY state law

43. No Broker contract was given as required by NY state law. Mortgage loan broker owes to both lender investor and borrower a fiduciary duty of highest good faith and is charged with

duty of fullest disclosure of all material facts concerning transaction that might affect lender

investor's or borrower's decision. Barry v. Raskov (App. 2 Dist. 1991) 283 Cal.Rptr.463. 232

Cal.App.3d 447. Defendant seeks damages of $4,000.00, plus costs and attorney fees.

## Fourth Counterclaim
### No explanation of the closing documents and fees was provided

44. No explanation of the closing documents and fees was provided. Defendant was compelled

to proceed with the closing and signed the loan documents under duress and coercion. This is

Negligent, a Breach of Fiduciary Duty and is in direct violation of the following: (UDAP)

Unfair and Deceptive Practices, The (ECOA) Equal Credit Opportunity Act 15USC §1691 to

1691f, The Consumer Loan Act, and The Consumer Protection Act.

## Fifth Counterclaim
### The loan officer steered towards a high risk loan based on high interest payments, and fees

45. Some banks and mortgage companies steer customers to high rate lenders, including those

customers who have fair or good credit, have ample money to put down, and can prove their

income would be eligible for a conventional loan. In some cases, the customer is turned

away before completing a loan application. In other cases, the loan application is denied and

the borrower is referred to a high rate lender in order to get the deal done. The high rate

lender is often an affiliate of the mortgage company, and kickbacks or referral fees are paid

as an incentive to steer the borrower to that lender. This is called Loan Steering and is illegal.

The loan officer made a decision to put Defendant in a high risk loan based on high interest

payments, and fees that have put Defendant in jeopardy of losing his home. This is

Negligent, a Breach of Fiduciary Duty and is in direct violation of the following: (UDAP)

Unfair and Deceptive Practices, The (ECOA) Equal Credit Opportunity Act 15USC §1691 to

1691f, and The Consumer Loan Act.

### Sixth Counterclaim
**Failure to provide Mortgage Broker Business Contract prior to consummation of the loan**

46. Failure to provide Mortgage Broker Business Contract prior to consummation of loan

    Defendant did not receive a copy of the Mortgage Broker Business Contract which outlines

    in detail the terms of the loan, broker fees, application fee, deposit, and services to be

    provided by mortgage brokerage business. Because Mr. Gasper failed to receive a copy of

    the aforementioned document, he was left unaware of the loan terms, interest rate,

    application, mortgage broker fee, yield spread premium and all other applicable fees. This is

    Negligent, a Breach of Fiduciary Duty and is in direct violation of the following: Chapter

    454 – Mortgage Brokers & Solicitors (Written Agreements), RESPA (Real Estate Settlement

    and Procedures Act), Truth in Lending Act, Equal Credit Opportunity Act, (UDAP) Unfair

    and Deceptive Practices Act, and The Consumer Protection Act.

### Seventh Counterclaim
**The amount financed on the Truth-in-Lending is understated**

47. Anything affecting the amount financed is a material violation of the TILA. This renders the

    TILA disclosure ineffective. Defendant seeks damages allowed by 15 USC § 1640(a): of

    $4000, which is twice the finance charge, as well as a statutory penalty of $2000, plus costs

    and attorney fees.

### Eighth Counterclaim
**Defendant was charged twice for the same service**

48. Defendant was charged twice for the same service, and seeks damages for the Loan

    origination fee of $8,625.00 (2.5% of loan amount), and broker fee of $1,000.

## RELIEF REQUESTED

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor

of defendant. Defendant is prepared to secure legal representation and plead my case against the

Plaintiff in the court of law. Defendant respectfully requests the Court to judge my case based on

its merits, not by default. Defendant respectfully requests that this Court:

a. dismiss the verified complaint for lack of standing;

b. dismiss the verified compliant for failure to meet the statute of limitations;

c. dismiss the verified compliant for failure to state a cause of action;

d. award reasonable costs of this action to Defendant;

e. direct the Queens County Clerk's Office to cancel the notice of pendency associated with

this action; and

f. award such other and further relief as this court deems just and proper.

Dated: June 25, 2019

ROBERT R. MCEVILLY
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2132200
MY COMM. EXPIRES OCT. 30, 2019

Respectfully submitted,

Sworn to before me this 25th
day of June, 2019

Kahlil Gasper
Defendant Pro Se
3185 Perlita Ave.
Los Angeles, CA 90039
(917) 517-9006

Notary Public

cc.

To: Attorneys for Plaintiff Alan Weinreb, Esq. and Alyssa Kapner, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, NY 11791
Tel: (516) 945-6055
alan@nyfclaw.com alyssa@nyfclaw.com

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_ )

On _June 25th, 2019_ before me, **Robert R McEvilly/Notary Public**
      Date                                    *Here Insert Name and Title of the Officer*

personally appeared _Kahlil Gasper_

_Name(s) of Signer(s)_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ROBERT R. MCEVILLY
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2132200
MY COMM. EXPIRES OCT. 30, 2019

Signature _Robert R. McEvilly_

_Signature of Notary Public_

*Place Notary Seal Above*
——————————— **OPTIONAL** ———————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

**Exhibits:**

1.  Supreme Court Decision

2.  Lenoir Réponse

3.  Gold Abstract Expanded Title Search

4.  Samaritan Load Audit

# EXHIBIT 1

Short Form Order

UNDECIDED

NEW YORK SUPREME COURT - QUEENS COUNTY

FILED

MAR 1 1 2014

COUNTY CLERK
QUEENS COUNTY

Present: HONORABLE   DAVID ELLIOT
                        Justice

IAS Part  14

| | |
|---|---|
| LIQUIDATION PROPERTIES, INC., | Index |
| Plaintiff, | No. _____33669_____ 2009 |
| | |
| | Motion |
| - against - | Date ___December 16,____ 2013 |
| | |
| MARLENA GASPER, et al., | Motion |
| Defendant. | Cal. No. _86_ |
| | |
| | Motion |
| | Seq. No. _1_ |

The following papers numbered 1 to _16_ read on this motion by plaintiff for an order, inter alia, granting it summary judgment against defendant Kahlil Gasper.

|  | Papers Numbered |
|---|---|
| Notice of Motion - Affirmation - Exhibits.................................... | 1-7 |
| Answering Affirmation - Exhibits................................................ | 8-13 |
| Reply........................................................................................ | 14-16 |

Upon the foregoing papers it is ordered that the motion is determined as follows:

This action was commenced by filing of the summons and complaint and lis pendens on December 16, 2009. The summons and complaint was served on each of the defendants between the dates of December 19, 2009 and December 21, 2009. Only defendant Kahlil Gasper answered the complaint. A mandatory settlement conference was held, and by order of Court Attorney-Referee Leonard N. Florio dated February 17, 2010, it was determined that defendant Kahlil Gasper did not reside at the subject premises, that the case had not been settled, and that same "shall proceed by Order of Reference/Motion." Plaintiff served upon defendant Kahlil Gasper a demand for a verified bill of particulars and notice to admit on

February 4, 2011, to which no response was received. The instant motion, filed on August 20, 2013, ensued.

To the extent that plaintiff seeks judgment by default against all non-appearing defendants, same is denied. Without explanation, plaintiff has waited until the filing of this motion to move for a default judgment against these defendants, including co-mortgagor defendant Marlena Gasper. As such, CPLR 3215 (c) mandates dismissal of the complaint as to them (*see also Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d 881 [2013]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624 [2005]). It is noted that such an argument was raised by counsel for the Gasper defendants in opposition to the motion, and plaintiff's counsel did not address plaintiff's failure to initiate proceedings for entry of a default judgment for over three years after the default and two years after demands were served on the appearing defendant. Where plaintiff fails to seek leave within one year after default, a reasonable excuse for the delay must be offered in order to avoid dismissal (*see First Nationwide Bank v Pretel*, 240 AD2d 629 [1997]). None was provided here.

Inasmuch as the action must be dismissed against defendants Marlena Gasper, New York City Environmental Control Board, and Reginald and Felicia Bolt – the two "Does" herein served – plaintiff is not entitled to summary judgment against defendant Kahlil Gasper. Plaintiff cannot proceed to judgment of foreclosure without these defendants (*see* Real Property Actions and Proceedings Law §§ 1311 [1] [with respect to defendant Marlena Gasper and potentially the "Does" served] and [3] with respect to defendant New York City Environmental Control Board]).

Accordingly, the branch of the motion for summary judgment against defendant Kahlil Gasper is denied. The branch of the motion for default judgment against the remaining defendants is denied and the action against them is dismissed. The remaining branches of the motion are denied as academic.

Dated: March 5, 2014

FILED

MAR 1 1 2014

COUNTY CLERK
QUEENS COUNTY

_____
J.S.C.

2

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------X          Index No. 33669/2009
LIQUIDATION PROPERTIES, INC.

          Plaintiff,                **AFFIRMATION IN**
                                         **OPPOSITION TO PLAINTIFF'S**
          - against -        **MOTION FOR SUMMARY**
MARLENA GASPER, KAHLIL GASPER, NEW   **JUDGMENT, ETC.**
YORK CITY ENVIRONMENTAL CONTROL BOARD;
JOHN DOE #1" through "JOHN DOE #10"

          Defendants.
----------------------------------X

    S. JOHN LENOIR, an attorney duly licensed to practice law in the State of New York, hereby affirms the following under penalty of perjury:

    1.   I am a member of LENOIR LAW FIRM, PLLC, attorneys for defendants KAHLIL GASPER and MARLENA GASPER in the above-entitled action, and as such am familiar with the facts and circumstances herein.

    2.   I make this affirmation in opposition to plaintiff's motion for summary judgment striking the VERIFIED ANSWER to the unverified COMPLAINT; for a default judgment against the "non appearing" defendants; for substitution of a new entity as plaintiff; to join additional individuals as defendants; and for an order of reference.

    3.   I make this Affidavit in support of an award of costs, sanctions and attorney's fees against the actual and proposed

plaintiffs; and for such other and further relief as the Court deems just and proper.

4.  Plaintiff is not entitled to summary judgment because defendants have an absolute defense to this foreclosure action that arose after defendant Kahlil Gasper's VERIFIED ANSWER TO FORECLOSURE COMPLAINT (Exhibit 1 hereto) was filed. Accordingly, the following defense could not be raised in the Verified Answer.

5.  Defendant Marlena Gasper owns one-half of the subject premises.  Marlena Gasper's signature appears on the alleged mortgage but not the alleged note.  She did not answer the complaint.  Plaintiff's time to make a motion for a default judgment against Marlena Gasper and the other "non appearing" defendants has long expired.  The branch of plaintiff's motion seeking default judgments should be denied as untimely.

6.  Since plaintiff cannot obtain a judgment in this action against one of the two owners and alleged mortgagors that it sued, it may not foreclose on the property jointly held.  The most that plaintiff can obtain is a monetary judgment against Kahlil Gasper.

7.  An action for an unsecured money judgment is an action in law.  A foreclosure action is an action in equity.  Plaintiff cannot obtain a judgment in this foreclosure action because

2

plaintiff is not entitled to collect an unsecured debt in a foreclosure action.

8.    Since plaintiff cannot secure a judgment of foreclosure, this foreclosure action should be dismissed.  Plaintiff must bring a new action and make timely motions for default judgments as necessary to protect its alleged right to foreclose.

9.    It is clear that plaintiff's attorneys were aware of this absolute defense to this action prior to making this motion. Defendants' absolute defense is the only practical reason why plaintiff would seek a default judgment against defendant MARLENA GASPER.  Plaintiff should be required to pay costs, sanctions and attorney's fees to defendants for seeking an untimely default judgment in pursuit of an illegal foreclosure.

10.    Although not necessary to deny plaintiff's motion for summary judgment, summary judgment should also be denied to plaintiff for all of the following "usual" reasons.

11.    The proponent of a summary judgment motion must establish entitlement to judgment, as a matter of law, through evidence in admissible form.  C.P.L.R. Section 3212(b); Alvarez v. Prospect Hospital, 68 N.Y.2d 320, 324 (1986); Winegrad v. New York University Medical Center, 64 N.Y.2d 851, 853 (1985); Frank Corp. v. Federal Inc. Co., 70 N.Y.2d 966 (1988); Rebecchi v. Whitmore, 172 A.D.2d 600 (2nd Dept. 1991).  To justify the relief sought through summary judgment, plaintiff bears the burden to establish

3

all the elements of its claim by evidentiary proof in admissible form.  Zuckerman v. City of New York, 49 N.Y.2d 557 (1980); Winegrad, 64 N.Y.2d at 853; Martinez v. One Plus Rental Sys., 247 A.D.2d 594 (2d Dept. 1998); Maines Paper & Food Service v. Restaurant Mgt., 229 A.D.2d 748, 750 (3d Dept. 1996).

12.   In Alvarez, supra, the Court of Appeals stated that:

the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact . . . .  **Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of opposing papers** . . . .  Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action.  (emphasis supplied)

13.   Hence, unless the movant makes out a *prima facie* showing of entitlement to judgment as a matter of law, the respondent has no burden to produce any evidence in opposition to the motion and summary judgment must be denied.   Also see McClue v. Battaglia, 211 A.D.2d 625, 626 (2d Dept. 1995) (the court must deny summary

4

judgment "regardless of the insufficiency of the opposing papers.")

14. As set forth below, plaintiff has failed to make out a *prima facie* showing of entitlement to summary judgment as a matter of law. Accordingly, defendant has no burden to produce any evidence to defeat this motion.

15. No affidavit from anyone in the plaintiff's or proposed plaintiff's organization been provided in support of plaintiff's motion for summary judgment. Based upon that omission alone, plaintiff's motion should be denied for plaintiff's failure to provide evidence from anyone in its or its desired successor's organizations establishing that plaintiff has any right to take away defendant's house and deprive him of his day in court through the extreme remedy of summary judgment.

16. In defendant's *pro se* answer, defendant denied all of the allegations in the complaint through a "general denial" by checking a box on a form provided by the Clerk of Supreme Court to enable *pro se* litigants to answer foreclosure actions.

17. Defendant's proper use of the form provided by the Court has put into controversy all issues relevant to the elements of plaintiff's claim pled in the unverified Complaint. Accordingly, in order to obtain a judgment of foreclosure, plaintiff has the burden to prove each and every element of its alleged claim.

18.   However, plaintiff has failed to establish any allegation in the unverified Complaint, nearly all of which contain multiple allegations in violation of pleading rules. Summary judgment should be denied for plaintiff's failure to prove any element of its alleged claim.

19.   In support of its motion, plaintiff provides two fatally defective and inadmissible purported affidavits in an attempt to establish the elements of a foreclosure claim.   Plaintiff's first fatally defective purported affidavit is that of Jody Hodges allegedly executed in the County of Cook, State of Illinois on April 22, 2013.  Plaintiff's second fatally defective purported affidavit is that of William A. Fogleman allegedly executed in the Parish of East Baton Rouge, State of Louisiana on March 6, 2013. See Plaintiff's Exhibit J.

20.   Both of the aforesaid fatally defective purported affidavits were notarized outside of New York State.   Neither of the acknowledgments to the two out-of-state purported affidavits is in the proper form required by CPLR 2309, and neither of the purported acknowledgments contains a Certificate of Conformity as required by RPAPL Section 299-A.

21.   Since the only two purported affidavits provided by plaintiff to establish the elements of its alleged claims are not in an admissible form acceptable under New York law, the two affidavits are not affidavits at all in New York and should not

be accepted as affidavits by a New York Court. They are merely unsworn writings by persons whose names have never been heard before in this litigation. The inadmissible affidavits establish no element of plaintiff's alleged claim and cannot be used to meet plaintiff's initial burden to establish entitlement to judgment as a matter of law through evidence in admissible form. Accordingly, summary judgment should be denied.

22. Plaintiff's attorneys knew or should have known that both affidavits were invalid under the aforesaid provisions of New York Law governing out-of-state affidavits and made this frivolous motion in bad faith. Plaintiff should be required to pay costs, sanctions and attorney's fees to defendant due to plaintiff's intentional misconduct.

23. Additionally, the contents of the two affidavits are also not in admissible form and should be disregarded as inadmissible hearsay.

24. Plaintiff appears to rely on the Business Records Exception to the Rule against Hearsay to claim that the contents of the two affidavits are admissible.

25. CPLR 4518, Business Records, states in pertinent part:

(a) Generally. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that

act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter....

26.   In People v. Kennedy, 68 N.Y.2d 569,579-80, 510 N.Y.S.2d 853, 859-66; 503 N.E.2d 507, 507-8 (1986), the Court of Appeals set forth the foundation that must be established to qualify for the business records exception:

(a) that the record be made in the regular course of business — essentially, that it reflects a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business

(b) that it be the regular course of such business to make the record (a double requirement of regularity) — essentially, that the record be made pursuant to established procedures for the routine, habitual, systematic making of such a record; and

(c) that the record be made at or about the time of the event being recorded — essentially, that recollection be fairly accurate and the habit of routine of making the entries assured.

8

27.   The Affidavit of Jody Hodges does not say when she started working for Fay Servicing, LLC or when she began her position as Foreclosure Team Leader.

28.   Plaintiff's motion contains no evidence that Fay Servicing, LLC had any relationship to this matter prior to the Power of Attorney dated 4/18/13 (Plaintiff's Exhibit 1). Ms. Hodge's Affidavit does not establish that she had any knowledge regarding the business records pertaining to this alleged loan before action was commenced three and one-half (3 1/2) years earlier on 12/16/09.

29.   Ms. Hodges could not have gained any "personal" knowledge regarding events prior to the filing of this action on 12/16/09 from a review of anyone's loan documents and business records in 2013. Indeed, Ms. Hodges makes no allegation of personal knowledge of any records pertaining to the subject loan created before 12/16/09.

30.   Plaintiff's attorney's subsequent recital of the elements of the business records exception in the invalid Hodges affidavit is entirely conclusory and unsubstantiated, and not based upon any personal knowledge possessed by Ms. Hodges.

31.   Mr. Fogleman's affidavit fails to establish any element of the business records exception with regard to the relevant business records that were created before this action was commenced, and summary judgment should be denied for

9

plaintiff's failure to submit an affidavit in admissible form to establish any element of a foreclosure claim.

32.  Since plaintiff has failed to provide a single affidavit in admissible form that establishes any element of a foreclosure claim, plaintiff has failed to establish entitlement to judgment as a matter of law and summary judgment should be denied regardless of the sufficiency of the remainder of these opposition papers.

33.  The second fatally defective purported affidavit annexed as Exhibit J (out of K) to plaintiff's motion bears the alleged signature of William A. Fogleman, who claims to hold the esteemed position of "EMPLOYEE" at SN Servicing Corporation. Based upon his job title, he may be an unpaid intern in charge of sanitizing doorknobs and signing affidavits in foreclosure actions.  There is no way to tell what his duties are from his fatally defective affidavit or if he had any business signing the defective affidavit.

34.  As with Jody Hodges affidavit, the contents of the Fogleman Affidavit are inadmissible hearsay without a business records exception.  Mr. Fogleman does not say when he started working for SN Servicing Corporation or when he began his position as "EMPLOYEE."  He does not allege that he had any knowledge of business records pertaining to this alleged loan before the action was commenced on 12/16/09.  Accordingly, Mr.

Fogleman lacks qualification to testify in support of the business records exception with regard to any pertinent records created before the commencement of this action.

35. Furthermore, Mr. Fogleman could not have gained any "personal" knowledge regarding events prior to the filing of this action on 12/16/09, from a review of anyone's loan documents and business records in 2013.

36. Plaintiff's attorney's subsequent recital of the elements of the business records exception in the invalid Fogleman affidavit is entirely conclusory and unsubstantiated, and not based upon any personal knowledge possessed by Mr. Fogleman.

37. Mr. Fogleman's fatally defective affidavit fails to establish any element of the business records exception with regard to the relevant business records that were created before this action was commenced, and summary judgment should be denied for plaintiff's failure to submit an affidavit in admissible form to establish any element of a foreclosure claim.

38. Since plaintiff has failed to provide a single affidavit in admissible form that establishes any element of a foreclosure claim, plaintiff has failed to establish entitlement to judgment as a matter of law and summary judgment should be denied regardless of the sufficiency of the remainder of these opposition papers.

39. EXHIBIT G to plaintiff's motion is a 49-page document called COMBINED NOTICE TO ADMIT GENUINENESS OF PAPER OR DOCUMENT AND TRUTH OF MATTERS OF FACT with Affidavit of Service both dated 2/4/11. In his Affirmation, plaintiff's attorney claims that a COMBINED NOTICE TO ADMIT was served upon defendant KAHLIL GASPER and that defendant had failed to respond in time to the notice to admit thereby admitting all allegations necessary to foreclose and summary judgment should be granted based upon defendant's alleged admissions (by omission) of the elements of plaintiff's claim.

40. Plaintiff's attorney has no personal knowledge of whether a notice to admit was served upon defendant KAHLIL GASPER.

41. It is possible that the notice to admit may have been excluded from an envelope containing other documents due to law office failure. Perhaps the person stuffing the envelope in plaintiff's high volume foreclosure firm failed to include the notice to admit. Perhaps the person realized the mistake afterward but did not tell anyone to avoid repercussions. As a result, perhaps the person mailing the envelope (even if the same person) did not know what was not inside the envelope she claims to have mailed.

42. In contrast to plaintiff's attorney's baseless opinion that the COMBINED NOTICE TO ADMIT was served upon defendant

12

Kahlil Gasper, the Affidavits of Kahlil Gasper and his wife Julia Grob annexed and incorporated herein make it abundantly clear that they never received a COMBINED NOTICE TO ADMIT or any other document requesting admissions of any kind. Both husband and wife are absolutely certain that they did not receive such a document for the reasons stated in their Affidavits.

43. There is no reason to believe that both Kahlil Gasper and Julia Grob have perjured themselves in their Affidavits. A foreclosure action is an action in equity. To conclude without proof that both Kahlil Gasper and his wife were lying under oath and to grant summary judgment based upon plaintiff's patently invalid notice to admit would be extremely inequitable.

44. Furthermore, the COMBINED NOTICE TO ADMIT GENUINENESS OF PAPER OR DOCUMENT AND TRUTH OF MATTERS OF FACT is invalid because it demands that defendant admit all of the elements of plaintiff's alleged foreclosure claim which defendant already denied in his Verified Answer (Exhibit 1 hereto). CPLR 3123 limits the scope of a notice to admit to matters "as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial..."

45. Plaintiff's attorney's patently improper use of a notice to admit to obtain admissions of every element of its alleged foreclosure claim is yet another reason why plaintiff

should be required to pay costs, sanctions and attorney's fees to defendant.

46.   It is abundantly clear that plaintiff lacks admissible evidence to prove a single element of a foreclosure claim.  By speculating that defendant admitted all of the elements of plaintiff's claim, plaintiff sought to eliminate its otherwise insurmountable problems of proof of entitlement of judgment as a matter of law.

47.   Since plaintiff has failed to make "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact," summary judgment should be denied **regardless of the sufficiency of opposing papers**."  Alvarez, supra.

48.   Since plaintiff has failed to make the aforesaid prima facie showing, the burden has not shifted to the defendant to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action.  Alvarez, supra.  Accordingly, plaintiff's summary judgment motion should be denied solely based upon plaintiff's failure to show entitlement to judgment as a matter of law.

49.   Additionally, any document attached to a summary judgment motion must itself be admissible.  See, e.g., Lewis v. General Electric Company, 145 A.D.2d 728, 535 N.Y.S.2d 260 (3d.

Dept. 1988). Unsworn documents containing hearsay, offered without the foundation to establish an exception to the rule against hearsay, are inadmissible. E.g., Costa v. 1648 Second Ave. Rest., 221 A.D.2d 299, 300 (1st Dept. 1995). Therefore, plaintiff's exhibits, which plaintiff presents to establish elements of its claim against defendant, are inadmissible hearsay. See Abbott, Duncan & Wiener v. Ragusa, 214 A.D.2d 412, 413 (1st Dept. 1995); R.A. Associates v. Lerner, 245 A.D.2d 437, 438 (2d Dept. 1997); PPG Industries v. A.G.P. Systems, 235 A.D.2d 979, 980 (3d Dept. 1997); Romeo v. Schmidt, 229 A.D.2d 992, 994 (4th Dept. 1996).

50. In addition to plaintiff's failure to meet its prima facie burden of establish entitlement to summary judgment as a matter of law, defendant has multiple meritorious defenses to this action each of which raises triable issues of fact that preclude the granting of summary judgment to plaintiff.

51. Through defendant's *pro se* general denial of the allegations in the complaint, all allegations in the complaint pertaining to plaintiff's alleged right to foreclose are in controversy. It is unnecessary to list separately the elements of plaintiff's foreclosure claim that are disputed. All of the allegations pertaining to said elements are in controversy.

52. Since the complaint is unverified, there is no basis to believe in the veracity of any allegations in the complaint.

In fact, there is less reason to believe the allegations in the complaint than defendant's denial of all of the allegations, because defendant's VERIFIED ANSWER TO FORECLOSURE COMPLAINT is sworn to by a party with knowledge of the facts and circumstances of this matter.  Accordingly, defendant's denials should be given greater weight than the baseless allegations being denied.

53.   Plaintiff's attorney's opinion that various unsworn documents attached to his motion of which he has no personal knowledge prove plaintiff's claims or disprove defendant's counterclaims has no evidentiary value and should not be considered by the Court in determining whether plaintiff or defendant is entitled to summary judgment against the other.

54.   Unlike the copy of defendant's Verified Answer attached to plaintiff's motion as Exhibit E, defendant's actual VERIFIED ANSWER TO FORECLOSURE COMPLAINT (Exhibit 1 hereto) includes and incorporates by reference the Primary Loan Audit completed by Samaritan Financial on July 15, 2009 that establishes the facts underlying defendant's Affirmative Defenses and Counterclaims.  It was sworn to by plaintiff through plaintiff's verification of the Verified Answer and is therefore admissible as proof of the merits of the counterclaims.

55. Whether plaintiff owes money to defendant as a result of the counterclaims is a central disputed issue in this matter that should be resolved at the same time as plaintiff's claim. Plaintiff is not entitled to foreclose if it owes defendant more money than defendant owes plaintiff, if any. Accordingly, summary judgment should be denied because the issues of fact raised in the Counterclaims must be resolved before it can be determined whether defendant owes money to plaintiff, or vice versa.

56. Additionally, defendant raises Lack of Standing to Sue as his first Affirmative Defense in his Verified Answer (Exhibit 1 hereto).

57. The pertinent question in determining standing is who owned the alleged note when this action was filed on 12/16/09. The documentary evidence provided by plaintiff clearly shows that plaintiff did not own the note on the relevant date of 12/16/09.

58. Paragraph 8(b) of the unverified Complaint (Plaintiff's Exhibit C) states "[t]hat the Plaintiff has a valid current assignment of mortgage as evidenced by a written instrument dated December 4, 2009, and sent to be recorded with the County Clerk/City Register of Queens County (Exhibit "C"). The 12/4/09 Assignment of Mortgage to which the complaint refers

is buried in Plaintiff's Exhibit A but reproduced as Exhibit 2 hereto for the Court's convenience.

59. Exhibit K to plaintiff's motion is an uncertified, inadmissible printout apparently from the New York Department of State website that states that as of March 23, 2010 plaintiff LIQUIDATION PROPERTIES, INC. became known as CITI PROPERTY HOLDINGS INC. Additionally, the inadmissible purported affidavit of William A. Fogleman states that his employer SN Servicing Corporation was "attorney in fact for Citi Property Holdings, Inc. f/k/a Liquidation Properties, Inc." Mention of the inadmissible Plaintiff's Exhibit K or the inadmissible purported Affidavit of William A. Fogleman in this Affirmation or elsewhere shall not constitute a waiver of any right.

60. The 12/4/09 Assignment of Mortgage, however, was not to CITI PROPERTY HOLDINGS INC. but to CITIMORTGAGE, INC. Accordingly, CITI PROPERTY HOLDINGS INC. F/K/A LIQUIDATION PROPERTIES did not receive ownership of the loan as a result of the 12/4/09 assignment and therefore did not have standing to sue when it filed this action twelve days later on 12/16/09.

61. In considering the aforesaid, it should be noted that Citigroup is one of the largest financial conglomerates in the world. Scores if not hundreds cf entities under the Citigroup corporate umbrella have names starting with "Citi." A transfer of property to a specific "Citi" entity does not constitute a

transfer to all of the other "Citi" entities. Nor does a transfer of property to a specific "Citi" entity constitute a transfer any other Citi entity. The assignment of the alleged mortgage and note to CITIMORTGAGE, INC was not an assignment to CITI PROPERTY HOLDINGS INC. Plaintiff has presented no evidence that CITI PROPERTY HOLDINGS INC. F/K/A LIQUIDATION PROPERTIES had standing to sue on 12/16/09 and summary judgment should be denied on that basis alone.

62. Possession by plaintiff's attorney in 2013 of a photocopy of an alleged endorsed note (See Plaintiff's Exhibit A) that has been compared by plaintiff's attorney to the document photocopied does not establish that plaintiff had standing three and one-half years earlier on 12/16/09 when this action was commenced. Plaintiff's attorney has no idea whether the document that he was comparing to its photocopy was in fact the original, duly endorsed note. The document photocopied may not have been the original promissory note. It could have been a copy of a negotiable instrument indorsed in blank, which is worthless. Only the original instrument is negotiable. It could have been a forgery, which is also worthless except to win foreclosure cases.

63. Even if plaintiff had proved standing, that alone would be insufficient to establish the right to foreclose. Standing to sue is only one element of a foreclosure claim. For

example, plaintiff's motion contains no admissible evidence that defendant defaulted in payments, that defendant owes plaintiff any money or even that defendant took out a mortgage loan. If defendant does not owe plaintiff any money, plaintiff may not take defendant's his house.

64. For all of the foregoing reasons, plaintiff's motion for summary judgment should be denied with prejudice.

65. As for plaintiff's attorney's additional request to join various and sundry individuals as defendants without having identified a shred of proof that they live in the house or have anything to do with this case, it is respectfully submitted that these presumably innocent individuals should not be made defendants in a law suit that would likely cause them substantial financial and personal damages based solely upon plaintiff's attorney's personal opinion which has no evidentiary value.

WHEREFORE I respectfully request an Order denying plaintiff's entire motion; awarding costs, sanctions and attorney's fees against the plaintiff; and for such other and further relief as the Court deems just and proper.

Affirmed: New York, New York
         December 14, 2013

S. John LeNoir, Esq.
LENOIR LAW FIRM, PLLC
Attorneys for Defendants

KAHLIL GASPER and MARLENA
GASPER
2753 Broadway, Suite 251
New York, NY 10025
(212) 531-0284


TO:   KNUCKLES, KOMOSINSKI & ELLIOTT, LLP
     Attorneys for Plaintiff
     565 Taxter Road
     Suite 590
     Elmsford, NY 10523
     (914) 345-3020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------X     Index No. 33669/2009
LIQUIDATION PROPERTIES, INC.

     Plaintiff,

    - against -

MARLENA GASPER, KAHLIL GASPER, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
JOHN DOE #1" through "JOHN DOE #10"

     Defendants.
------------------------------------X

**DEFENDANT'S AFFIDAVIT IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT, ETC.**

STATE OF CALIFORNIA

COUNTY OF  Ventura    ss.:

  KAHLIL B. GASPER s/h/a KAHLIL GASPER, being duly sworn,

deposes and says:

  1. I am a defendant homeowner in this action and as such I

am fully aware of the facts and circumstances herein.

  2. I make this Affidavit in opposition to plaintiff's

motion for summary judgment striking my VERIFIED ANSWER to the

unverified COMPLAINT; for a default judgment against the "non

appearing" defendants; for substitution of a new entity as

plaintiff in place and instead of the true plaintiff LIQUIDATION

PROPERTIES, INC.; to join additional individuals as defendants;

and for an order of reference.

  3. I make this Affidavit in support of an award of costs,

sanctions and attorney's fees against the actual and proposed

plaintiffs; and for such other and further relief as the Court deems just and proper.

4.  I make this Affidavit in conjunction with the Affidavit of my wife, Julia Grob, who has assisted me in every aspect of the defense against this foreclosure action since it was commenced.

5.  Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that I have never received a document called "COMBINED NOTICE TO ADMIT" or any document with a similar name.

6.  Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that I have never received a request or demand that I admit anything in or pertaining to this action.

7.  Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that I have never received a request or demand that I admit any statement or alleged fact in or pertaining to this action.

8.  Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that I have never received a request or demand that I admit the genuineness or truthfulness of any document in or pertaining to this action.

2

9. Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that I have never received a request or demand that I admit anything whatsoever in or pertaining to this action or otherwise related to this action.

10. Since the beginning of this case, my wife Julia Grob and I have worked together on every aspect of my defense. My wife and I have inspected every piece of correspondence or other materials received from anyone that pertained in any way to this action. We have both carefully inspected and discussed each and every piece of mail or other document received in connection with this case. After discussing each such piece of mail or document, my wife and I have discussed and decided together what if anything to do in response. We have either taken action in response to the mail or document received or filed it in our comprehensive case file that we have maintained together. Every item that we have received or sent that had any connection whatsoever to this action has been carefully filed.

11. My wife and I have both taken the defense of this action very seriously and both of us remember every document we have received or sent pertaining to this action.

12. My wife is as certain as I am that we never received any of the items described in Paragraphs 5 through 9 above.

3

13. Pursuant to my attorney's instructions, my wife and I recently discussed and confirmed with each other that no item described in Paragraphs 5 through 9 above. Also pursuant to my attorney's instructions, we have both reviewed our jointly-maintained complete and comprehensive file of every document sent or received regarding this action, and no such document was located in our files.

14. I am absolutely certain that no document described in Paragraphs 5 through 9 above, or any similar item, was received by my wife or me.

15. I have not admitted anything that plaintiff's attorneys claim that I have.

16. My attorney has advised me that the plaintiff has no basis to obtain the relief requested in its motion.

WHEREFORE I respectfully request an Order denying plaintiff's entire motion; awarding costs, sanctions and attorney's fees against the plaintiff; and for such other and further relief as the Court deems just and proper.

Executed: _Ojai_____, California

December _9_, 2013

_Kahlil B. Gasper_

4

# ACKNOWLEDGMENT

State of California
County of ___Ventura_____)

On __12/9/2013_____ before me, _Cynthia Long Notary Public_
(insert name and title of the officer)

personally appeared ___Kahlil B. Gasper_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

CYNTHIA LONG
Commission # 2020425
Notary Public - California
Ventura County
My Comm. Expires Jul 12, 2017

Signature ___Cynthia Long_____ (Seal)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------X     Index No. 33669/2009
LIQUIDATION PROPERTIES, INC.

        Plaintiff,

       - against -
              Attached
MARLENA GASPER, KAHLIL GASPER, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
JOHN DOE #1" through "JOHN DOE #10"

        Defendants.
---------------------------------------X

**CERTIFICATE OF CONFORMITY**
Affirmation of Affidavit
Dated and Notarized:
December ___9___ , 2013

    I, ___Paul B. Blatz___ , an attorney authorized to
practice law in the Courts of the State of California, do hereby
certify that the acknowledgment or proof upon the annexed document
was taken in the manner prescribed by the laws of the State of
California and conforms to the laws thereof.

Dated: December ___9___ , 2013

                            _____
                            Attorney at Law

             Print name: _Paul B. Blatz, Esq._

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------X    Index No. 33669/2009
LIQUIDATION PROPERTIES, INC.
                                         **AFFIDAVIT IN OPPOSITION**
            Plaintiff,                   **TO PLAINTIFF'S**
                                         **MOTION FOR SUMMARY**
          - against -                    **JUDGMENT, ETC.**

MARLENA GASPER, KAHLIL GASPER, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
JOHN DOE #1" through "JOHN DOE #10"

            Defendants.
-----------------------------------X

STATE OF CALIFORNIA

COUNTY OF   Ventura              ss.:

     JULIA A. GROB, being duly sworn, deposes and says:

     1.  I am the wife of KAHLIL B. GASPER s/h/a KAHLIL GASPER

and am fully aware of the facts and circumstances herein.

     2.  I make this Affidavit in opposition to plaintiff's

motion for summary judgment striking the VERIFIED ANSWER to the

unverified COMPLAINT; for a default judgment against the "non

appearing" defendants; for substitution of a new entity as

plaintiff in place and instead of the true plaintiff LIQUIDATION

PROPERTIES, INC.; to join additional individuals as defendants;

and for an order of reference.

     3.  I make this Affidavit in support of an award of costs,

sanctions and attorney's fees against the actual and proposed

plaintiffs; and for such other and further relief as the Court

deems just and proper.

4.   I make this Affidavit in conjunction with the Affidavit of my husband, homeowner defendant KAHLIL GASPER s/h/a KAHLIL GASPER ("KAHLIL").  I have assisted Kahlil in every aspect of the defense against this foreclosure action since it was commenced.

5.   Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that we have never received a document called "COMBINED NOTICE TO ADMIT" or any document with a similar name.

6.   Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that we have never received a request or demand that Kahlil admit anything in or pertaining to this action.

7.   Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that we have never received a request or demand that Kahlil admit any statement or alleged fact in or pertaining to this action.

8.   Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that we have never received a request or demand that Kahlil admit the genuineness or truthfulness of any document in or pertaining to this action.

2

9.   Based upon my own knowledge and clear memory of all of the events that have occurred in this case, I am absolutely certain that we have never received a request or demand that Kahlil admit anything whatsoever in or pertaining to this action or otherwise related to this action.

10.  Since the beginning of this case, I have worked together with Kahlil on every aspect of his defense.  We have both inspected every piece of correspondence or other materials received from anyone that pertained in any way to this action. We have both carefully inspected and discussed each and every piece of mail or other document received in connection with this case.  After discussing each such piece of mail or document, we have discussed and decided together what if anything to do in response.  We have either taken action in response to the mail or document received or filed it in our comprehensive case file that we have maintained together.  Every item that we have received or sent that had any connection whatsoever to this action has been carefully filed.

11.  Kahlil and I have both taken the defense of this action very seriously and both of us remember every document we have received or sent pertaining to this action.

12.  We are both certain that Kahlil has never received any of the items described in Paragraphs 5 through 9 above.

13. Pursuant to Kahlil's attorney's instructions, Kahlil and I recently discussed and confirmed with each other that no item described in Paragraphs 5 through 9 above. Also pursuant to Kahlil's attorney's instructions, we have both reviewed our jointly-maintained complete and comprehensive file of every document sent or received regarding this action, and no such document was located in our files.

14. I am absolutely certain that no document described in Paragraphs 5 through 9 above, or any similar item, was received by Kahlil or me.

15. Kahlil has not admitted anything that plaintiff's attorneys claim that he has.

16. My attorney has advised us that the plaintiff has no basis to obtain the relief requested in its motion.

WHEREFORE I respectfully request an Order denying plaintiff's entire motion; awarding costs, sanctions and attorney's fees against the plaintiff; and for such other and further relief as the Court deems just and proper.

Executed: _Ojai_____, California

December _9__, 2013

Julia A. Grob

4

# ACKNOWLEDGMENT

State of California
County of ___Ventura_____ )

On _12/9/2013_____ before me, _Cynthia Long, Notary Public_
(insert name and title of the officer)

personally appeared ___JULIA A. GROB_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Cynthia Long_____      (Seal)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------X
LIQUIDATION PROPERTIES, INC.

        Plaintiff,

       - against -

MARLENA GASPER, KAHLIL GASPER, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
JOHN DOE #1" through "JOHN DOE #10"

       Defendants.
--------------------------------------X

Index No. 33669/2009

**CERTIFICATE OF CONFORMITY**
Affirmation of Affidavit
Dated and Notarized:
December ___9___ , 2013

Attached

    I, __Paul B. Blatz__ , an attorney authorized to
practice law in the Courts of the State of California, do hereby
certify that the acknowledgment or proof upon the annexed document
was taken in the manner prescribed by the laws of the State of
California and conforms to the laws thereof.

Dated:  December __9__ , 2013

                     _____
                        Attorney at Law

        Print name:  __Paul B. Blatz, Esq.__

# EXHIBIT 3

# GOLD ABSTRACT

271 Madison, Suite 401
New York, NY 10016
P # 646-341-9090 / F # 212-684-3033 / www.GoldAbstract.com

September 11, 2015

Michael Lulkin

RE: 00206-A-GLD
Marlena Gasper and Kahlil Gasper
187-40 Sullivan Road
Queens, NY
Block 10399 Lot 51

Dear Sir/Madam,

Gold Abstract Services has caused a search to be made in the City Register's Office of Queens County, for Last Owner Deed, mortgages, judgments and liens against the owner and the owner and captioned premises as of the effective date of 8/24/2015: Returns for which are as follows:. Returns for which as follows:

1. Last Owner Deed recorded 11/20/2006 in CRFN 2006000643293. (copy herein)
2. See Mortgage schedule attached.
3. Judgments and Lien search shows 1 ECB vs. Marlena Gaspar. (see herein)
4. Housing and Building Departmental search herewith.

Nothing further found.

The liability of this search is limited to the amount paid for same.

Vince Sette
Production Manager
Gold Abstract Services
425 Park Avenue
6th Floor
New York, NY 10022
V: 646 867-6309 Ext. 302
F: 212 684-3033
vs@goldabstract.com

## MORTGAGE SCHEDULE

1. Mortgage made by Kahil Gasper and Marlena Gasper to Argent Mortgage Company LLC in the amount of $345,000.00 dated 9/01/2006 recorded 11/20/2006 in CRFN 2006000643294;

1a. Assignment of Mortgage made by Citi Residential Lending Inc., as Attorney in Fact of Argent Mortgage Company LLC to MERS, as nominee for CitiMortgage Inc., dated 1/13/2009 recorded 2/17/2009 in CRFN 2009000045865;

1b. Assignment of Mortgage made by Liquidation Properties, Inc. to MERS, dated 12/04/2009 recorded 1/072010 in CRFN 2010000004993;

1c. Assignment of Mortgage made by Citi Property Holdings, Inc., f/k/a Liquidation Properties, Inc. to Mariners Pacific Management LLC dated 8/15/2012 recorded 4/05/2013 in CRFN 2013000137542;

1d. Assignment of Mortgage made by Mariners Pacific Management LLC to Goshen Mortgage LLC dated 8/16/2012 recorded 4/05/2013 in CRFN 2013000137543;

1e. Assignment of Mortgage made by Goshen Mortgage LLC to GDBT I Trust 2011-1 dated 3/11/2013 recorded 4/24/2013 in CRFN 2013000162457;

1f. Assignment of Mortgage made by GDBT I Trust 2011-1 to Brightstar Asset Management I, LLC dated 2/04/2015 recorded 3/26/2015 in CRFN 2015000103703;

1g. Assignment of Mortgage made by Brightstar Asset Management I, LLC to Assets Recovery 23, LLC dated 1/21/2015 recorded 3/26/2015 in CRFN 2015000103704.

# EXHIBIT 4



# Samaritan
### F I N A N C I A L
Saving Money. Saving Homes. Saving Lives.

**Date of Audit:** July 15, 2009

**Primary Loan Audit Prepared for:**

Kahlil Gasper
187-40 Sullivan Road
St. Albans, NY 11412

| | |
|---|---|
| **Loan Number:** | 9000046897 |
| **Settlement Date:** | August 26, 2006 |

| | |
|---|---|
| Lender Name: | City Mortgage Inc./SN Servicing Corporation |
| Lender Address: | PO Box 35 |
| | Eureka, CA 95502 |

### Truth in Lending Act (TILA) Primary Loan

### Violation #1:

No preliminary disclosures were given to Mr. Gasper as required by 12 CFR §226.17(b) and 226.19(a). This means that Mr. Gasper received no TILA disclosures at all. As a general rule, disclosures must be made before "consummation" of transaction. The disclosures need not be given at any particular time before consummation, except in certain mortgage transactions and variable rate transactions secured by the consumers principle dwelling with a term greater than one year under § 226.19. Under § 226.19 the disclosures are to be given within 3 days of giving application or 3 days before consummation or whichever is earlier.

No Itemization of amount financed or disclosure telling Mr. Gasper he is entitled to that disclosure in writing was given as required by 12 CFR § 226.18(c).

12 CFR § 226.18(c): Itemization of amount financed.

Disclosure required. The creditor has two alternatives in complying with § 226.18(c):

- The creditor may inform the consumer, on the segregated disclosures, that a written itemization of the amount financed will be provided on request, furnishing the itemization only if the customer in fact requests it.

1

- The creditor may provide an itemization as a matter of course, without notifying the consumer of the right to receive it or waiting for a request.

Whether given as a matter of course, or only on request, the itemization must be provided at the same time as the other disclosures required by § 226.18, although separate from those disclosures.

In the alternative the lender can substitute the itemization of amount financed with the required "Good Faith Estimate". See next below:

**No Good Faith Estimate was issued:**

RESPA transactions: The real Estate Settlement and Procedures Act (RESPA) requires creditors to provide a good faith estimate of closing costs and a settlement statement listing the amounts paid by the consumer. Transactions subject to RESPA are exempt from the requirements of § 226.18(c) if the creditor complies with RESPA's requirements for a good faith estimate and settlement statement. The itemization of the amount financed need not be given, even though the content and timing of the good faith estimate and settlement statement under RESPA differ from the requirements of §§ 226.18(c) and § 226.19(a)(2). If the creditor chooses to substitute RESPA's settlement statement for the itemization when re-disclosure is required under § 226.19(a)(2), the statement must be delivered to the consumer at or prior to consummation. The disclosures required by §§ 226.18(c) and § 226.19(a)(2) may appear on the same page or on the same document as the good faith estimate or the settlement statement, so long as the requirements of § 226.17(a) are met.

Because a Good Faith Estimate was never received until the closing date, Mr. Gasper was denied the ability to determine if the true cost of the loan was excessive, therefore also denying him the opportunity to shop for more affordable lending terms.

This is Negligent and a Breach of Fiduciary Duty

This is also a violation of the following:

- RESPA 12 USC §2604(c)
- Regulation X24 CFR §3500.7
- Regulation Z 12 CFR §226.19(a)
- The Good Faith Estimate (GFE) of amounts/range of settlement costs (24CFR3500.7)
- The Unfair and Deceptive Practices Act
- The Consumer Protection Act
- The Truth in Lending Act (TILA) 15 USC sec.1601 (a) informed use of credit
- The Consumer Loan Act

**Violation #2:**

**No TIL (Truth-in-Lending) was issued:**

**The Truth-in-Lending Act requires *"clear and conspicuous" disclosure to borrowers* of the key provisions of their mortgages. This includes such details as the eventually reset interest rate, specific loan terms, and the total dollar amount the mortgage will cost over time:**

2

**§ 129. Requirements for certain mortgages**
(1) SPECIFIC DISCLOSURES.--In addition to other disclosures required under this title, for each mortgage referred to in section 103(aa), the creditor shall provide the following disclosures in conspicuous type size:
(2) ANNUAL PERCENTAGE RATE.--In addition to the disclosures required under paragraph (1), <u>the creditor shall disclose</u>

> (A) in the case of a credit transaction with a fixed rate of interest, the annual percentage rate and the amount of the regular monthly payment; or
> (B) in the case of <u>any other credit transaction</u>, the annual percentage rate of the loan, the amount of the regular monthly payment, **a statement that the interest rate and monthly payment may increase, and the amount of the maximum monthly payment**, based on the maximum interest rate allowed pursuant to section 1204 of the Competitive Equality Banking Act of 1987.

Failure to provide a signed copy of the TIL is a violation of the Truth in Lending Act as well as the Real Estate Settlement and Procedures Act rendering the loan void and unsecured.

Damages allowed by 15 USC § 1640(a):

| | |
|---|---|
| Actual: | $2000 |
| Twice the Finance Charge: | $4000 |
| Statutory Penalty: | $2000 |
| Costs and Attorney Fees: | TBD |

<u>**Violation #3:**</u>

No Broker contract was given as required by NY state law.

Mortgage loan broker owes to both lender investor and borrower a fiduciary duty of highest good faith and is charged with duty of fullest disclosure of <u>all material facts concerning transaction that might affect lender investor's or borrower's decision. Barry v. Raskov (App. 2 Dist. 1991) 283 Cal.Rptr.463. 232 Cal.App.3d 447.</u>

Damage: $4,000.00, plus costs and attorney fees.

<u>**Violation #4:**</u>

During the consummation of Mr. Gasper's loan, no explanation of the closing documents and fees was provided.  Mr. Gasper was compelled to proceed with the closing and signed the loan documents under duress and coercion.

This is Negligent, a Breach of Fiduciary Duty and is in direct violation of the following:

3

- (UDAP) Unfair and Deceptive Practices
- The (ECOA) Equal Credit Opportunity Act 15USC §1691 to 1691f
- The Consumer Loan Act
- The Consumer Protection Act

**Violation #5:**

Some banks and mortgage companies steer customers to high rate lenders, including those customers who have fair or good credit, have ample money to put down, and can prove their income would be eligible for a conventional loan.

In some cases, the customer is turned away before completing a loan application. In other cases, the loan application is denied and the borrower is referred to a high rate lender in order to get the deal done. The high rate lender is often an affiliate of the mortgage company, and kickbacks or referral fees are paid as an incentive to steer the borrower to that lender. This is called Loan Steering and is illegal.

The loan officer made a decision to put Mr. Gasper in a high risk loan based on high interest payments, and fees that have put Mr. Gasper in jeopardy of losing his home.

This is Negligent, a Breach of Fiduciary Duty and is in direct violation of the following:

- (UDAP) Unfair and Deceptive Practices
- The (ECOA) Equal Credit Opportunity Act 15USC §1691 to 1691f
- The Consumer Loan Act

**Violation #6:**

**Failure to provide Mortgage Broker Business Contract prior to consummation of loan**

Mr. Gasper did not receive a copy of the Mortgage Broker Business Contract which outlines in detail the terms of the loan, broker fees, application fee, deposit, and services to be provided by mortgage brokerage business.

Because Mr. Gasper failed to receive a copy of the aforementioned document, he was left unaware of the loan terms, interest rate, application, mortgage broker fee, yield spread premium and all other applicable fees.

This is Negligent, a Breach of Fiduciary Duty and is in direct violation of the following:

- Chapter 454 – Mortgage Brokers & Solicitors (Written Agreements)
- RESPA (Real Estate Settlement and Procedures Act)
- Truth in Lending Act
- Equal Credit Opportunity Act
- (UDAP) Unfair and Deceptive Practices Act
- The Consumer Protection Act

4

## Case Law

### People of California VS. Countrywide –

Compliant # 20 – States that the defendant (Countrywide) originated loans with little or no regard to borrowers' long-term ability to afford them and to sustain home ownership.

Complaint # 21(b) – States that defendant (Countrywide) encouraged borrowers to refinance or obtain purchase money, financing with complicated mortgage instruments like hybrid adjustable rate mortgages or payment options adjustable rate mortgages that were difficult to understand. (c) – States defendant (Countrywide) marketed these complex loan products to consumers by emphasizing the very low initial "teaser" or "fixed" rate while obfuscating or misrepresenting the later steep monthly payments and interest rate increases or risk of negative amortization.

Complaint # 22 – Defendant (Countrywide) also employed various lending policies to further their deceptive scheme and to sell ever-increasing number of loans, including (a) the dramatic easing of underwriting standards; (b) the increased use of low or no documentation loans which allow for no verification of stated income or stated assets or both, or no request for income or asset information at all; (c) urging borrowers to encumber their homes up to 100% or more of the assessed value; and (d) placing borrowers in "piggyback" second mortgages in the form of higher interest rate HELOCS while obscuring their total monthly payment obligations.

Complaint # 23 – Also to further the deceptive scheme, defendant (Countrywide) created a high-pressure sales environment that propelled its branch managers and loan officers to meet high production goals and close as many loans as they could without regard to borrower's ability to repay. Defendant (Countrywide) high-pressure environment also propelled loan officers to sell the riskiest types of loans, such as payment option and hybrid adjustable rate mortgages, because loan officers could easily sell them by deceptively focusing borrowers attention on the low initial monthly payments or interest rates.

Defendant (Countrywide) also made arrangements with a large network of mortgage brokers to procure loans for defendant (Countrywide) and, through its loan pricing structure, encouraged these brokers to place homeowners in loans with interest rates higher than those for which they qualified, as well as prepayment penalty obligations. This system of compensation aided and abetted brokers in breaching their fiduciary duties to borrowers by inducing borrowers to accept unfavorable loan terms without full disclosure of the borrower's options and also compensating brokers beyond the reasonable value of the brokerage services they rendered.

After careful review of Mr. Gasper's loan documents, the following was discovered:

1. Adjustable Interest Rate
2. Prepayment penalties
3. A loan that exceeded Mr. Gasper 's ability to repay
4. Exuberant broker fees
5. Exuberant & Inflated fees added to the settlement statement
6. Coercion

5

7. Loan steering
8. Relaxed underwriting standards
9. Lack of due diligence
10. No regard towards Mr. Gasper 's ability to repay the loan

As proven in the proceeding case law, Ms. Gasper's loan shares several of the same characteristics the Defendant (Countrywide) has been sued for in several states including but not limited to the state of New York.

This is Negligent and a Breach of Fiduciary Duty

This is also a violation of the following:

- RESPA 12 USC §2604(c)
- Regulation X24 CFR §3500.7
- Regulation Z 12 CFR §226.19(a)
- The Unfair and Deceptive Practices Act
- The Consumer Protection Act
- The Truth in Lending Act (TILA) 15 USC sec.1601 (a) informed use of credit
- The Consumer Loan Act


**Violation #7:**

**The amount financed on the TIL is understated by $13,227.00.**

Anything affecting the amount financed is a material violation of the TILA. This renders the TILA disclosure ineffective.

Damages allowed by 15 USC § 1640(a):

| | |
|---|---|
| Actual: | $2000 |
| Twice the Finance Charge: | $4000 |
| Statutory Penalty: | $2000 |
| Costs and Attorney Fees: | TBD |

Local Comparable's – Value Depreciation

According to a recent market analysis completed on the subject property located at 187-40 Sullivan Road, Saint Albans, NY 11412, the current market value of said property is approximately $245,000.00. The mortgage held by Mr. Gasper is 21% higher than what the subject property is worth, thus eliminating refinancing as an option even under the new housing recovery plan which allows for a 105% LTV on default mortgage refinances.

The subject property has suffered a total depreciation amount in excess of $155,000 since August of 2006. A prepayment penalty prohibited Mr. Frank from refinancing into a more affordable mortgage.

6

This is Negligent, a Breach of Fiduciary Duty and is in direct violation of the following:

- <u>(UDAP) Unfair and Deceptive Acts and Practices</u>
- <u>The Consumer Loan Act</u>
- <u>The Consumer Protection Act</u>

## <u>Violation #8</u>

Mr. Gasper was charged twice for the same service:

Loan Origination Fee: $8,625.00 (2.5% of loan amount)

Broker Fee: $1,000

End of Audit.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

Assets Recovery 23, LLC,

                Plaintiff,                    Affirmation of Service

     -vs-

Kahlil Gasper                        CASE NO: **19cv02628 (ENV-SJB)**

            Defendant, Pro Se.

————————————————————X

    I, Kahlil Gasper, declare under penalty of perjury that I have served a copy of the attached Verified Answer upon Plaintiff Assets Recovery 23, LLC, attorney whose address is: Alan H. Weinreb, Esq., THE MARGOLIN & WEINREB LAW GROUP, LLP, 165 Eileen Way, Suite 101, Syosset, New York 11791.

Dated: June 25, 2019
      New York, New York

                            Respectfully submitted,

Sworn to before me this
day of _____, 2016

_____
Notary Public

_____
Kahlil Gasper
Defendant Pro Se
3185 Perlita Ave.
Los Angeles, CA 90039
(917) 517-9006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

Assets Recovery 23, LLC,

           Plaintiff,                       Affirmation of Service

   -vs-

Kahlil Gasper                        CASE NO: **19cv02628 (ENV-SJB)**

           Defendant, Pro Se.

————————————————————————X

I, Kahlil Gasper, declare under penalty of perjury that I have served a copy of the attached Verified Answer upon Plaintiff Assets Recovery 23, LLC, attorney whose address is: Alan H. Weinreb, Esq., THE MARGOLIN & WEINREB LAW GROUP, LLP, 165 Eileen Way, Suite 101, Syosset, New York 11791.

Dated: June 25, 2019
      New York, New York

ROBERT R. MCEVILLY
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2132200
MY COMM. EXPIRES OCT. 30, 2019

Sworn to before me this 25th
day of June, 2019

Notary Public

Respectfully submitted,

Kahlil Gasper
Defendant Pro Se
3185 Perlita Ave.
Los Angeles, CA 90039
(917) 517-9006

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                                   **CIVIL CODE § 1189**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____ *Los Angeles* _____ }

On ___June 25 2019___ before me, __**Robert R McEvilly / Notary Public**__ ,
    Date

personally appeared ___Kahlil Gasper___

*Here Insert Name and Title of the Officer*

*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ROBERT R. MCEVILLY
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2132200
MY COMM. EXPIRES OCT. 30, 2019

Signature ___Robert R. McEvilly___

*Signature of Notary Public*

_____ Place Notary Seal Above _____ **— OPTIONAL —** _____

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907