```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ASSETS RECOVERY 23, LLC,

                        Plaintiff,
                                                                    REPORT AND
            -against-                                              RECOMMENDATION
                                                                   19 CV 2628 (NGG) (CLP)
KAHLIL GASPER, et al.,

                        Defendants.
-----------------------------------------------------------X
```

**POLLAK**, United States Magistrate Judge:

On May 3, 2019, plaintiff Assets Recovery 23, LLC ("plaintiff" or "Assets Recovery"), commenced this action against Kahlil Gasper ("Mr. Gasper"), Marlena Gasper, and various "John Doe" defendants (collectively, "defendants"), seeking to foreclose on a mortgage in the amount of $345,000 on the property known as 187-40 Sullivan Road, Saint Albans, NY 11412. (Compl.[1] ¶ 1). On June 26, 2019, defendant Kahlil Gasper, proceeding *pro se*, filed his Answer to the Complaint, which included several affirmative defenses and counterclaims. (ECF No. 15). On July 15, 2019, plaintiff filed an Amended Answer to Mr. Gasper's affirmative defenses and counterclaims. (ECF No. 16). On June 4, 2021, the Clerk of Court noted the default of defendant Marlena Gasper. (ECF No. 31).

Currently pending before this Court is plaintiff's motion for summary judgment and to strike the affirmative defenses and counterclaims interposed by Kahil Gasper (the "Motion"). (ECF No. 60). For the reasons set forth below, the Court respectfully recommends that the district court DENY plaintiff's Motion without prejudice.

---

[1] Citations to "Compl." refer to the Verified Complaint filed by plaintiff on May 3, 2019. (ECF No. 1).

1

FACTUAL BACKGROUND

I. The Complaint

On or about September 1, 2006, defendant Kahlil Gasper executed and delivered a Note in the amount of $345,000 to Argent Mortgage Company, LLC ("Argent"), providing for repayment in monthly installments. (Fratangelo Aff.[2] ¶ 6, Ex. A; Pl.'s R. 56.1 Stmt.[3] ¶ 1). As collateral for the loan evidenced by the Note, Khalil and Marlena Gasper executed and delivered a Mortgage to Argent, secured by property located at 187-40 Sullivan Road, Saint Albans, N.Y. (the "Property"). (Fratangelo Aff. ¶ 7, Ex. B; Pl.'s R. 56.1 Stmt. ¶ 2). The Mortgage was recorded in the Office of the City Register, Queens County, on November 20, 2006. (Fratangelo Aff., Ex. B).

Thereafter, the Mortgage and Note were assigned through a series of recorded Assignments of Mortgage and Note, first from Argent to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for CitiMortgage Inc., recorded on February 17, 2009; then to Citi Property Holdings, Inc., f/k/a Liquidation Properties, Inc., recorded on January 7, 2010; then to Mariners Pacific Management, LLC, recorded on April 5, 2013; then to Goshen Mortgage, LLC, recorded on April 5, 2013; then to GDBT 1 Trust 2011-1, recorded on April 24, 2013; then to Brightstar Asset Management 1, LLC, recorded on March 26, 2015; and finally to Assets Recovery, recorded on March 26, 2015 in the Office of the Register, Queens County. (Fratangelo Aff. ¶¶ 7–8, Ex. C; see also Compl. ¶¶ 12–18).

According to Mr. Fratangelo, Assets Recovery received physical possession of the Note prior to commencing the instant foreclosure action, with the physical delivery memorialized by

---

[2] Citations to "Fratangelo Aff." refer to the Affidavit of James Fratangelo, Member/Manager of Assets Recovery, in Support of Plaintiff's Motion for Summary Judgment, dated April 4, 2023. (ECF No. 60-4).

[3] Citations to "Pl.'s R. 56.1 Stmt." refer to Plaintiff's E.D.N.Y. Local Civil Rule 56.1 Statement of Undisputed Material Facts, filed April 13, 2023. (ECF No. 60-2).

2

the Assignments of Mortgage and allonges affixed to the Note. (Fratangelo Aff. ¶ 9, Exs. A, C; see also Pl.'s R. 56.1 Stmt. ¶ 10 (asserting that "[p]laintiff was in physical possession and was the owner and holder of the Note and Mortgage when the Complaint was filed")). Mr. Fratangelo attests that the original Note is the same as the copy of the Note attached to the Complaint and annexed to his Affidavit. (Fratangelo Aff. ¶ 9).

Mr. Fratangelo has provided the payment history for the Note which shows that defendants failed to make the installment payment which became due and payable on September 1, 2008,[4] and that they failed to tender any subsequent installment payments. (Id. ¶ 10, Exs. D, E). Plaintiff's counsel sent a demand letter to defendants (the "Demand Letter"), which was mailed by first class mail and certified mail on December 17, 2018. (Pl.'s R. 56.1 Stmt. ¶ 4; Fratangelo Aff. ¶ 11, Ex. F; Weinreb Decl.,[5] Ex. D). Also on December 17, 2018, plaintiff's counsel sent by first class and certified mail to defendants the required 90-Day Notice of Intent to Foreclose, in accordance with New York Real Property Actions and Proceedings Law ("NY RPAPL") § 1304. (Fratangelo Aff. ¶ 13, Ex. G; Pl.'s R. 56.1 Stmt. ¶ 5). Counsel also completed the Proof of Filing Statement required by NY RPAPL § 1306, which was filed with the Department of Financial Services. (Fratangelo Aff. ¶ 14, Ex. H; Pl.'s R. 56.1 Stmt. ¶ 5; Weinreb Decl., Ex. D). Thereafter, defendants failed to cure the default under the Note and Mortgage, and, according to Mr. Fratangelo and the plaintiff's Payment History, they have failed to make any payments in connection with the Note and Mortgage since their initial default on September 1, 2008. (Fratangelo Aff. ¶ 10).

---

[4] The Verified Complaint also states that defendants failed to make the monthly payment due on September 1, 2008 (Compl. ¶ 21), but the plaintiff's Rule 56.1 Statement lists the default as occurring on September 1, 2009. (See Pl.'s R. 56.1 Stmt. ¶ 3). Since the Payment History attached to Mr. Fratangelo's Affidavit evidences a default in payment as of September 1, 2008, the Court assumes that the reference to 2009 in the plaintiff's 56.1 Statement was a typographical error. (See Fratangelo Aff., Exs. D, E).

[5] Citations to "Weinreb Decl." refer to the Declaration of Alan H. Weinreb, Esq., in Support of Plaintiff's Motion for Summary Judgment, dated April 5, 2023. (ECF No. 60-3).

3

II.     Answer and Counterclaims

On June 26, 2019, Kahlil Gasper filed a Verified Answer to the Complaint. In his Verified Answer, Mr. Gasper denies a number of the allegations in the Complaint and raises a number of affirmative defenses and counterclaims. Mr. Gasper alleges that he, along with his sisters, Marlena and Almitra Gasper, inherited the property from their grandmother, Shirley Redmon, in 2000, free and clear of any debts. (Ans.[6] ¶ 4). According to Mr. Gasper, his sister Almitra resides in the home. (Id. ¶ 6). Although he admits signing a promissory note with Argent Mortgage, he challenges the accuracy of the documents assigning the Note and Mortgage, noting, among other things, that the Allonge to Note attached to the Complaint was undated and paid to Assets Recovery 23, LLC from Brightstar Asset Management I, LLC, both of which he alleges are owned by James Fratangelo, with no affidavit, notarized signature or witness. (Id. ¶ 11 (citing Compl., Ex. C)). Mr. Gasper alleges that Mr. Fratangelo is not only the sole owner and manager of Brightstar, but also that he "is clearly a financial predator who acts solely for the purpose bringing lawsuit actions." (Id. ¶ 2). According to Mr. Gasper, in November 2016, he "received an anonymous phone call, advising [him] that James Fratangelo was found guilty of fraud," and was taken to court by his former business partners, "in which he was accused of fraudulent actions in co-owned businesses, including Plaintiff, Assets Recovery 23." (Id.)

In the Answer, Mr. Gasper also alleges that plaintiff and plaintiff's predecessors in interest had previously attempted to foreclose on the mortgage but that both actions were dismissed. (Id. ¶ 9 (citing Liquidation Properties v. Gasper, Index No. 33669/2009 (Queens Sup.

---

[6] Citations to "Ans." refer to defendant Khalil Gasper's Verified Answer, Affirmative Defenses, and Counterclaims, filed June 26, 2019. (ECF No. 15).

4

Ct. Mar. 11, 2014) (the "Liquidation Properties Action"),[7] and Assets Recovery 23, LLC v. Gasper, 15 CV 5049 (E.D.N.Y.) (the "2015 Federal Action")).[8]

Mr. Gasper asserts as his First Affirmative Defense that plaintiff lacks standing because it was not the holder and assignee of the Note at the time the action was commenced. (Ans. ¶ 32). He alleges that an Expanded Title Search, conducted by Gold Abstract on September 11, 2015, demonstrates that plaintiff lacks standing to bring this foreclosure action, based on Queens County records showing that an assignment was made from GDBT I Trust 2011-1 to Brightstar Asset Management I, LLC on February 4, 2015, but the documents reflect that Brightstar assigned the mortgage to Assets Recovery on January 21, 2015 – two weeks earlier. (Id. ¶ 17).

In his Second Affirmative Defense, Mr. Gasper asserts that the statute of limitations had expired prior to the commencement of the lawsuit. (Id. ¶ 35). In his Third Affirmative Defense, Mr. Gasper asserts that because plaintiff was not the holder or assignee and not a real party in interest, the Complaint fails to state a cause of action. (Id. ¶ 36).

Mr. Gasper also asserts eight counterclaims: (1) that defendant was not provided with any preliminary disclosures required by 12 C.F.R. §§ 226.17(b) and 226.19(a) before the mortgage transaction was finalized, nor was he provided a Good Faith Estimate as required by the Real

---

[7] In denying plaintiff's motion for summary judgment and dismissing the Liquidation Properties Action, Justice David Elliot explained that the plaintiff had failed to move for default judgment against the non-appearing defendants, including co-mortgagor Marlena Gasper, the New York City Environmental Control Board, and Reginald and Felicia Bolt, for over three years after the default. (Ans., Ex. 1 (ECF No. 15 at 17–18)). Citing First Nationwide Bank v. Pretel, 240 A.D.2d 629 (1997), the court explained that "[w]here plaintiff fails to seek leave within one year after default, a reasonable excuse for the delay must be offered to avoid dismissal. . . . None was provided here." (Id.) Since the action then had to be dismissed as to the non-appearing defendants, plaintiff could not proceed to a judgment of foreclosure without them and, therefore, the court denied the motion for summary judgment against Kahlil Gasper.

[8] On September 11, 2018, this Court issued a Report and Recommendation in the 2015 Federal Action, recommending that the case be dismissed because plaintiff had not properly served Marlena Gasper and the court thus lacked jurisdiction over her. (See 1:15-CV-5049-RJD-CLP, ECF No. 49). Since Marlena Gasper was an owner and mortgagor, the Court further recommended that the claims against defendant Khalil Gasper also be dismissed for failure to join a necessary party. (Id.) The district court adopted the Report and Recommendation, and the action was dismissed on November 9, 2018. (See 1:15-CV-5049-RJD-CLP, ECF Nos. 51–52)

Estate Settlement and Procedure Act ("RESPA") until the Closing Date (First Counterclaim); (2) that no Truth in Lending ("TILA") disclosures were issued, and that the amount financed on the TILA disclosure was understated (Second and Seventh Counterclaims); (3) that no broker contract and no Mortgage Broker Business Contract was provided as required by New York law (Third and Sixth Counterclaims); (4) that no explanation of the closing documents and fees were provided so that defendant "was compelled to proceed with the closing and signed the loan documents under duress and coercion" (Fourth Counterclaim); (5) that the loan officer engaged in "Loan Steering" by putting defendant in a high risk loan based on high interest payments, in violation of the Unfair and Deceptive Practices Act, the Equal Credit Opportunity Act, and the Consumer Loan Act (Fifth Counterclaim); and (6) that defendant was charged twice for the same service, seeking damages for the Loan Origination fee and broker fee (Eighth Counterclaim).

## PROCEDURAL HISTORY

Plaintiff filed the instant foreclosure action on May 3, 2019. Summons were issued to Khalil and Marlena Gasper on May 8, 2019. (ECF No. 7). Khalil Gasper filed a motion for extension of time to file an answer and for the appointment of counsel on May 24, 2019. (ECF Nos. 9, 10).

On July 24, 2019, Assets Recovery sought and was granted an extension of time, pursuant to Fed. R. Civ. P. 4(m), to serve defendant Marlena Gasper. (ECF No. 18). On October 11, 2019, plaintiff moved for service by publication. (ECF Nos. 20, 21). This Court[9] granted the motion for substitute service on November 16, 2020, and gave plaintiff an extension of 120 days to complete service on Marlena Gasper. (ECF No. 25). Following service by publication, Assets

---

[9] On April 14, 2020, the case was reassigned to the undersigned and to the Honorable Raymond J. Dearie. The case was thereafter reassigned to the Honorable Nicholas G. Garaufis on March 3, 2023.

6

Recovery moved for a Certificate of Default as to Marlena Gasper, which was entered by the Clerk of Court on June 4, 2021. (ECF Nos. 29, 30, 31).

On October 7, 2021, this Court held a conference with counsel for plaintiff and defendant Khalil Gasper, appearing *pro se,* at which time a discovery schedule was set. (ECF No. 34). Thereafter, discovery proceeded with several extensions granted for the exchange of defendant's discovery requests. On May 20, 2022, this Court held a status conference at which defendant failed to appear. The conference was adjourned to May 31, 2022, with a warning to defendant that if he failed to appear, discovery would be declared closed. (ECF No. 45).

On June 1, 2022, after his failure to appear at two status conference, defendant Kahlil Gasper was Ordered to inform the Court by June 13, 2022, whether any discovery remained to be completed. (ECF No. 46). Defendant Kahlil Gasper did not do so. Thereafter, the Court issued an Order directing the parties to file a Status Report. (See ECF No. 47). Having heard nothing from defendant Gasper, the Court Ordered discovery closed on October 7, 2022. (ECF No. 49). Thereafter, the Court set a briefing schedule for plaintiff's anticipated Motion for Summary Judgment. (ECF No. 51).

On March 9, 2023, After granting multiple extensions of time, in part because plaintiff indicated the parties were still attempting to settle this matter, this Court set a briefing schedule for plaintiff's anticipated motion for summary judgment, requiring plaintiff's motion for summary judgment to be filed by April 13, 2023, with defendant's opposition due on May 2, 2023. (ECF No. 59). Plaintiff filed its motion for Summary Judgment on April 13, 2023. (ECF No. 60). On May 30, 2023, plaintiff submitted a letter to the Court asking that the motion be marked submitted without opposition because as of that date, defendant Kahlil Gasper had not filed any opposition to plaintiff's motion. (ECF No. 61).

7

This Court then entered an Order warning that if defendant did not submit a response to the plaintiff's Motion by June 19, 2023, the Court would decide plaintiff's Motion based on plaintiff's submission only.  (ECF No. 62).  On June 20, 2023, defendant Khalil Gasper, proceeding *pro se*, submitted a response, entitled "Motion in Opposition of Summary Judgment." (ECF No. 64).  Although defendant submitted his response a day late, the Court has considered the arguments raised therein in analyzing plaintiff's motion for summary judgment.

## DISCUSSION

I. <u>Legal Standards</u>[10]

   A.    <u>Summary Judgment</u>

It is well-settled that a party moving for summary judgment has the burden of establishing that there is "no genuine dispute as to any material fact" and that the moving party is therefore entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986); <u>New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.</u>, 599 F.3d 102, 114 (2d Cir. 2010).  Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present their case to the jury, <u>see</u> <u>Buck v. Cleary</u>, 345 F. App'x 660, 662 (2d Cir. 2009); <u>Gibralter v. City of New York</u>, 612 F. Supp. 125, 133–34 (E.D.N.Y. 1985), the court should not grant summary judgment unless "it is quite clear what the truth is" and "there can be but one reasonable conclusion as to the verdict."  <u>Rogoz v. City of Hartford</u>, 796 F.3d 236, 246 (2d Cir. 2015) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 250, and <u>Poller v. Columbia Broad. Sys., Inc.</u>, 368 U.S. 464, 467 (1962)).  However, "the mere existence of some alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment."  <u>Garden City Apartments, LLC v. Xcel</u>

---

[10] Unless noted, caselaw quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

8

Plumbing of N.Y., Inc., 233 F. Supp. 3d 346, 350 (E.D.N.Y. 2017) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 247–48).

Once the moving party discharges its burden of proof, the party opposing summary judgment has the burden of setting forth "specific facts showing that there is a genuine issue for trial, wherein a reasonable jury could return a verdict for the non-moving party." International Bus. Machs. Corp. v. BGC Partners, Inc., No. 10 CV 128, 2013 WL 1775367, at *4 (S.D.N.Y. Apr. 25, 2013) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleadings." Mitsubishi Motor Credit of Am., Inc. v. Country Motors LLC, No. 07 CV 3528, 2008 WL 3200248, at *2 (E.D.N.Y. Aug. 5, 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). Although "[a]ll ambiguities must be resolved, and all inferences drawn, in favor of the non-moving party . . . [t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." Adler v. Kent Vill. Housing Co., 123 F. Supp. 2d 91, 97 (E.D.N.Y. 2000) (citing D'Amico v. City of New York, 132 F.3d 145, 159 (2d Cir. 1998), cert. denied, 524 U.S. 911 (1998), and Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996)); see also Mhany Mgmt., Inc. v. County of Nassau, 819 F.3d 581, 621 (2d Cir. 2016). Even if a motion for summary judgment is unopposed, the court must still ensure "that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production." Jackson v. Federal Exp., 766 F.3d 189, 194 (2d Cir. 2014).

Federal Rule of Civil Procedure 56 provides that, in moving for summary judgment or responding to such a motion, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including

9

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Rule 56's "requirement that affidavits be made on personal knowledge is not satisfied by assertions made on information and belief." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004) (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988)). If assertions in an affidavit "are not based upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements," a court may strike those portions of the filing, or decline to consider those portions that are not based on personal knowledge or are otherwise inadmissible. Serrano v. Cablevision Sys. Corp., 863 F. Supp. 2d 157, 163 (E.D.N.Y. 2012) (citations omitted). While the Court need consider only the materials cited by the parties, it may consider any other materials in the record in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(3).

B.  Notice to *Pro Se* Litigant

As an initial matter, the Court notes that both federal case law and the Local Civil Rules require that special care be taken to ensure that *pro se* litigants are made aware of important procedural issues that accompany motions for summary judgment. See, e.g., Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621 (2d Cir. 1999) (citing M.B. v. Reish, 119 F.3d 230, 232 (2d Cir. 1997)); McPherson v. Coombe, 174 F.3d 276, 280–281 (2d Cir. 1999). Local Civil Rule 56.2 specifically requires that "[a]ny represented party moving for summary judgment against a party proceeding *pro se* serve and file" the "Notice To Pro Se Litigant Who Opposes a Motion For

10

Summary Judgment"—the contents of which are set forth following the Rule—along with the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1.

Here, plaintiff served the requisite Notice to Pro Se Litigant. (ECF No. 60-5). Although Mr. Gasper did not file a specific counter-statement to plaintiff's Rule 56.1 Statement, he did file a sworn declaration in opposition to the plaintiff's motion for summary judgment, along with exhibits, disputing several aspects of plaintiff's Rule 56.1 Statement. Thus, the Court finds that he was adequately informed of the nature of the instant motion and how to oppose it, and that he effectively did so.

### C. Mortgage Foreclosure Actions

Under New York law, a mortgage is "merely security for a debt or other obligation." United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991); see also Matter of Rivera v. Blum, 98 Misc. 2d 1002, 1008, 420 N.Y.S.2d 304, 308 (N.Y. Sup. Ct. 1978) (noting that a mortgage is the security for a debt that represents a lien on the mortgaged property). The "mortgagor is bound by the terms of his contract as made" and, in the event of a default, cannot be relieved from the default unless waived by the mortgagee, or where there is "estoppel, or bad faith, fraud, oppressive or unconscionable conduct" on the part of the mortgagee. United States v. Freidus, 769 F. Supp. at 1276 (quoting Nassau Tr. Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 183, 436 N.E.2d 1265, 1269, 451 N.Y.S.2d 663, 667 (1982)). Thus, in actions to foreclose upon a mortgage, the plaintiff must demonstrate three elements: (1) the existence of the mortgage and mortgage note, (2) ownership of the mortgage, and (3) the defendant's default in payment on the loan. Campaign v. Barba, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005); see also United States v. Freidus, 769 F. Supp. at 1277 (holding that foreclosure actions require "proof of the existence of an obligation secured by a mortgage, and a default on that obligation"). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the

11

default, it has satisfied its prima facie entitlement to a judgment of foreclosure. See Fleet Nat'l Bank v. Olasov, 16 A.D.3d 374, 374, 793 N.Y.S.2d 52, 52 (2d Dep't 2005) (citing cases); see also OneWest Bank, N.A. v. Cole, No. 14 CV 3078, 2015 WL 4429014, at *5 (E.D.N.Y. April 17, 2015), report and recommendation adopted, 2015 WL 4429014 (E.D.N.Y. July 17, 2015).

Additionally, "where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent." Deutsche Bank Nat'l Tr. Co. v. Banu, 205 A.D.3d 887, 889–90, 169 N.Y.S.3d 318, 320–21 (2d Dep't 2022) (finding that "plaintiff failed to establish its prima facie entitlement to judgment as a matter of law" where plaintiff failed to submit evidence that it complied with the mortgage's notice of default provisions). After plaintiff establishes its prima facie entitlement to judgment, the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims. Fleet Nat'l Bank v. Olasov, 16 A.D.3d at 374, 793 N.Y.S.2d at 52; see also Gustavia Home, LLC v. Rutty, 720 F. App'x 27, 28 (2d Cir. 2017) (summary order); U.S. Bank Trust Nat'l Ass'n Tr. v. Butti, 16 A.D.3d 408, 408, 792 N.Y.S.2d 505, 506 (2d Dep't 2005); Republic Nat'l Bank of N.Y. v. O'Kane, 308 A.D.2d 482, 482, 764 N.Y.S.2d 635, 635 (2d Dep't 2003).

II. Analysis

    A. Necessary Parties

The first issue to be determined is whether plaintiff has named and properly served all necessary parties. Under New York Law, a foreclosure action must include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff," NY RPAPL § 1311(3), as well as "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the

12

curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof," id. § 1311(1).  Courts in New York have especially emphasized that "tenants are necessary parties to a foreclosure action." 1426 46 St. v. Klein, 60 A.D.3d 740, 742, 876 N.Y.S.2d 425, 427 (N.Y. App. Div. 2009).  As plaintiff is well aware, "failure to join all interested and necessary parties as either plaintiffs or defendants to an action seeking to foreclose on real property is grounds for dismissal."  Assets Recovery 23, LLC v. Gasper, No. 15 CV 5049, 2018 WL 5849763, at *5 (E.D.N.Y. Sept. 11, 2018) (quoting Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc., 139 F. Supp. 2d 462, 466 (S.D.N.Y. 2001)), report and recommendation adopted, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018); see also id. at *10 (recommending dismissal of the Federal 2015 Federal Action for plaintiff's failure to effectively serve Marlena Gasper).  Based on the current record, the Court is unable to determine whether plaintiff has named all necessary parties.

      First, plaintiff did not include the New York City Environmental Control Board, which was named in the 2015 Federal Action as having a lien on the subject Property.  (See 2015 Federal Action).  Absent any evidence to the contrary, that lien is presumably still in place.  Second, although plaintiff named Marlena and Khalil Gasper in the instant action, plaintiff did not name their sister, Almitra Gasper.  In his opposition to the Motion, Mr. Gasper asserts that Almitra Gasper is "the only relevant Jane Doe in this case as the resident of 187-40 Sullivan Road, Saint Albans, N.Y.," *i.e.*, the Property.  (Gasper Decl. ¶ 8).  Mr. Gasper further asserts that Almitra Gasper "also inherited [the Property] from [their] grandmother, Shirley Redmon, in 2000."  (Id.; see also Ans. ¶ 6).  Thus, Almitra Gasper may still have an ownership interest, or, at the very least, a tenancy interest in the Property, such that she is a necessary party under NY RPAPL § 1311(1).

13

With respect to both the Environmental Control Board and Almitra Gasper, it is not enough that the Complaint names the "John Doe Defendants," whom plaintiff asserts are "persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property." (Compl. ¶ 6).  As noted above, plaintiff was and surely is aware of the Environmental Control Board's interest in the property given their inclusion in the 2015 Federal Action.  Similarly, plaintiff and its counsel were undoubtedly aware of Almitra Gasper's status relative to the Property: she provided testimony in the 2015 Federal Action, when plaintiff asserted that Marlena Gasper had been served at the Property by service upon Almitra Gasper, see Assets Recovery 23, LLC v. Gasper, 2018 WL 5849763, at *5, and Mr. Gasper's Verified Answer identified Almitra Gasper as both the resident of the Property as well as an "inherit[or]" of the Property (Ans. ¶ 6).  Plaintiff was thus on notice of the fact that the Environmental Control Board is, and Almitra Gasper is likely a necessary party to this action.

To be clear, this Court does not hold that Almitra Gasper is in fact a necessary party pursuant to RPAPL § 1311(1).  Given Khalil Gasper's representations, there is a question as to what Almitra Gasper's status is as a potential co-owner and/or resident of the property.  However, in light of the facts suggesting that Almitra Gasper may be a necessary party, and the lack of any evidence to the contrary from plaintiff, the Court finds that plaintiff has not established that RPAPL § 1311's requirements have been satisfied here.  Given that conclusion and plaintiff's failure to explain the absence of the Environmental Control Board as a party to this action, this Court respectfully recommends that the district court deny plaintiff's Motion without prejudice.

B.     <u>Standing</u>

In addition to the questions raised as to whether all necessary parties have been properly joined, Mr. Gasper also challenges plaintiff's standing to bring this action as the "owner" of the mortgage through proper assignment. (Id. ¶ 9). Mr. Gasper does not appear to dispute that he entered into the Note and a mortgage agreement with Argent secured by the Property (see Khalil Decl. ¶ 10), nor does he appear to dispute defaulting on the payments due on the loan. Instead, Mr. Gasper cites the Allonge to Note attached as Exhibit C to the Verified Complaint, noting that the Allonge has no recorded date, and is not supported by an affidavit attesting to its authenticity. (Id. ¶ 11). He also questions the assignment of the Note and Mortgage from GDBT 1 Trust 2011 to Brightstar Asset Management, I, LLC on February 4, 2015, noting that the mortgage was assigned from Brightstar to plaintiff two weeks before it was assigned from GDBT to Brightstar. (Id. ¶ 12). In support of his argument that there is no standing, Mr. Gasper provided an Expanded Title Search conducted by Gold Abstract, showing these discrepancies in the dates. (Id., Ex. 3).

Plaintiff argues that mere possession of the original Note is sufficient to establish standing. (Pl.'s Mem. at 8 (citing <u>Avail Holding LLC v. Ramos</u>, No. 19 CV 117, 2019 WL 6498170, at *3 (E.D.N.Y. Dec. 3, 2019)); see also <u>OneWest Bank N.A. v. Melina</u>, No. 14 CV 5290, 2015 WL 5098635, *7 (E.D.N.Y. Aug. 31, 2015) (holding that an affidavit attesting to physical possession of the note prior to the commencement of the action suffices to establish standing). Plaintiff dismisses defendant's questions regarding the bona fides of plaintiff's affiant Mr. Fratangelo and whether plaintiff does in fact have possession of the original Note and Mortgage, arguing that defendant has not demonstrated any basis to assert a lack of standing. (Pl.'s Mem. at 10). To the contrary, defendant has not only attached an Expanded Title Search in support of his argument regarding the proper assignment of the mortgage and the Note, but also

15

noted the discrepancies in plaintiff's own documentation. The Court finds that, absent a more substantive response from plaintiff with respect to the issues raised by Mr. Gasper, he has created a sufficient question of material fact as to the existence of standing that warrants denial of plaintiff's motion at this time. For this reason, the Court further recommends denial of plaintiff's Motion for summary judgment without prejudice.

### C. Other Issues

Defendant raises a number of other arguments in his response to the Motion, including that the statute of limitations bars this action. (Khalil Decl. ¶ 15). Plaintiff, for its part, argues that in addition to granting summary judgment in its favor on the Complaint, the district court should also strike the counterclaims stated in Mr. Gasper's Answer. (Pl.'s Mem. at 12–16). Given that the Court finds there are material issues of fact in dispute as to the threshold issues noted above, the Court does not reach these other issues.

## CONCLUSION

In light of the above, this Court respectfully recommends that the district court DENY the plaintiff's Motion For Summary Judgment without prejudice and with leave to renew once plaintiff has addressed the issues noted above.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is ORDERED promptly to serve a copy of this Report and Recommendation on each of the defendants, and to file proof of service on the docket immediately thereafter.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 5, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York