UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ASSETS RECOVERY 23, LLC,

                           Plaintiff,

        -against-

KAHLIL GASPER, MARLENA GASPER, and
John Doe "1" through John Doe "10" inclusive,
the names of the last named Defendants being
fictitious, real names unknown to the Plaintiff,
the parties intended being persons or
corporations having an interest in, or tenants or
persons in possession of, portion of the
mortgaged premises described in the
Complaint,

                          Defendants.

**MEMORANDUM & ORDER**
**19-CV-2628 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are Magistrate Judge Cheryl L. Pollack's Report and Recommendation ("R&R") recommending that the district court deny Plaintiff Assets Recovery 23, LLC's motion for summary judgment as to Defendant Kahlil Gasper and to strike Gasper's affirmative defenses and counterclaims (R&R (Dkt. 65)), and Plaintiff's objections to the R&R. (Pl. Objections to R&R ("Pl. Obj.") (Dkt. 69); Mem. of Law in Support of Pl.'s Mot. for Summ. J. ("Mot.") (Dkt. 60-1); Pl. 56.1 St. (Dkt. 60-2); Defs. Aff. in Opp. ("Opp.") (Dkt. 64).)

As discussed herein, the R&R is ADOPTED IN PART and REJECTED IN PART. The court REJECTS the finding that Almitra Gasper is a necessary party but otherwise ADOPTS the R&R in full. The motion for summary judgment is DENIED without prejudice. The Plaintiff may renew its motion for summary judgment or file an amended complaint within 45 days of this Order. The Clerk of Court is respectfully DIRECTED to send a copy of this

1

Order by certified mail, return receipt requested, to *pro se* Defendant Gasper at his address of record.

## I.   BACKGROUND

The court assumes familiarity with the background of this action brought by Plaintiff Assets Recovery 23 LLC against Defendants Kahlil Gasper, Marlena Gasper (collectively, "Gasper Defendants") and various unknown defendants ("John Doe Defendants" and, together with Gasper Defendants, "Defendants") in which Plaintiff seeks to foreclose on a mortgage in the amount of $345,000 on the property known as 187-40 Sullivan Road, Saint Albans, NY 11412 (the "Property"). The annexed R&R details the relevant factual and procedural background preceding Plaintiff's summary judgment motion. (R&R at 2-8.)

On October 21, 2022, a briefing schedule was ordered for Plaintiff's present motion seeking summary judgment as to Defendant Kahlil Gasper. (*See* MSJ Briefing Order (Dkt. 51).)[1] On March 10, 2023, while the briefing was pending, Judge Raymond J. Dearie referred the motion to Magistrate Judge Pollack for a report and recommendation and the case was reassigned to this court. (*See* Min. Entries dated March 10, 2023.)

Plaintiff filed its motion on April 13, 2023. (*See* Mot.) Defendant, who is *pro se*, filed his response on June 20, 2023. (*See generally* Opp.)[2] On March 5, 2024, Magistrate Judge Pollack issued the annexed R&R recommending that the court dismiss Plaintiff's

---

[1] Kahlil Gasper and Marlena Gasper are named in the complaint and are owners of the Property, but Marlena Gasper has not appeared. The Clerk of Court noted the default of Defendant Marlena Gasper on June 4, 2021. (Certificate of Default (Dkt. 31).) It is not clear to the court why the Plaintiff has not yet moved for default judgment against Defendant Marlena Gasper.

[2] "Although defendant submitted his response a day late, the Court has considered the arguments raised therein in analyzing plaintiff's motion for summary judgment." (R&R at 8.)

motion without prejudice. (*See generally* R&R.) Plaintiff then objected to the R&R on April 2, 2024. (*See generally* Pl. Obj.)

## II. LEGAL STANDARD

### A. Review of Objection to a Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by a magistrate judge in an R&R. 28 U.S.C. § 636(b)(1)(C). "Where a party timely and specifically objects, the court conducts a *de novo* review of the contested portions of the R&R." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020).[3] "Although a district judge may receive further evidence upon *de novo* review, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." *Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).

### B. Summary Judgment

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "An issue of fact is material for these purposes if it might affect the outcome of the suit under the governing law." *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000). A "genuine" issue of fact is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could

---

[3] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Am. Empire Surplus Lines Ins. Co. v. Certain Underwriters at Lloyd's London*, No. 16-CV-5664 (AMD) (JO), 2018 WL 10456838, at *4 (E.D.N.Y. July 23, 2018). All evidence is construed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

## III. DISCUSSION

Plaintiff objects to both grounds for dismissal identified by Magistrate Judge Pollack. Specifically, Plaintiff objects to the findings that it has not demonstrated that it served "all necessary parties" under New York Real Property Actions and Proceedings Law ("NY RPAPL") § 1311 (Pl. Obj. at ECF 1-2; *see also* R&R at 12-14), and that there is a genuine dispute of material fact that Plaintiff has standing to bring this foreclosure action. (Pl. Obj. at ECF 3-4; *see also* R&R at 15-16.) The court considers each objection in turn.

### A. Objection to Necessary Parties Analysis

Under New York Law, a foreclosure action must include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff," NY RPAPL § 1311(3), as well as "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof," *id.* § 1311(1). The rule that non-mortgagor defendants

4

be joined "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB) (SMG), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012), *report and recommendation adopted*, 2018 WL 1640591 (E.D.N.Y. Apr. 5, 2018) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 830 N.Y.S.2d 95, 98 (App. Div. 2005)).

Courts disagree on whether NY RPAPL § 1311 is jurisdictional. "Some courts have stated that the failure to join a necessary party warrants dismissal of a foreclosure action" while others "have taken the approach that the failure to join a necessary party means that party's rights are unaffected by judgment of foreclosure and sale . . . and the foreclosure sale may be considered void as to the excluded party." *Toiny LLC v. Gill,* No. 18-CV-40 (NGG) (VMS), 2022 WL 4118520, at *4 (E.D.N.Y. Sept. 9, 2022) (collecting cases).

Here, Magistrate Judge Pollack found that the court was unable to determine whether the New York City Environmental Control Board ("ECB") and Almitra Gasper were necessary parties and that a failure to join these parties provided grounds for dismissal. (R&R at 13 (citing *Assets Recovery 23, LLC v. Gasper,* No. 15-CV-5049 (RJD) (CLP), 2018 WL 5849763, at *5 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted*, No. 15-CV-5049 (RJD) (CLP), 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018) [hereinafter "*Gasper I*"]).) Plaintiff Assets Recovery objected. (Pl. Obj. at ECF 1-2.)

On *de novo* review, the court agrees as to the ECB and disagrees as to Almitra Gasper. The court also agrees that a failure to join the ECB is grounds for dismissal without prejudice in this case.

As discussed in the R&R, the ECB was named as a necessary party in a 2015 action that involved the same parties. (R&R at 13 (citing *Gasper I*, 2018 WL 5849763, at *5).) Plaintiff provided no discussion or evidence of a change in the ECB's status as a subordinate lienholder in the memorandum of law in support of its motion, the accompanying 56.1 statement, or anywhere else in the record. (*See generally* Mot.; Pl. 56.1 St.) The court agrees with Judge Pollack that "[a]bsent any evidence to the contrary, that lien is presumably still in place." (R&R at 13.) When objecting to the R&R, Plaintiff attached a document identified as "Schedule C" listing "Necessary Defendants" which Plaintiff asserts it obtained in a foreclosure title search prior to commencement of this action. (*See* Pl. Obj. at ECF 3; *see also* Schedule C (Dkt. 69-1).) Plaintiff argues that it did not name the ECB because Schedule C does not recite that there were ECB violations against the Property at the time the search was conducted and therefore ECB did not show up in this list of necessary defendants. (*See* Pl. Obj. at ECF 2; Schedule C.) However, Schedule C was not included with Plaintiff's original motion and Plaintiff does not provide a compelling reason for excluding it; it is therefore not properly before the court on review of Plaintiff's R&R objections. *See Condoleo*, 427 F. Supp. 3d at 319. And, even if included, Plaintiff states only that they relied on the Schedule C when deciding not to name the ECB in its complaint. Plaintiff does not demonstrate that Schedule C accurately shows *all* necessary defendants, as opposed to some, or that Plaintiff otherwise confirmed that the ECB is no longer a subordinate lienholder in this action. (*See* Pl. Obj. at ECF 2.) The court therefore agrees with Magistrate Judge Pollack that whether the ECB is a necessary party remains an outstanding issue of fact.

Courts disagree on whether failure to join all necessary parties requires dismissal, *Toiny LLC*, 2022 WL 4118520, at *4, but failure to join a necessary party would warrant dismissal here. In litigation concerning the same parties and the same Property, a

court in this district previously held that Plaintiff's "failure to join all interested and necessary parties" under New York law "is grounds for dismissal." *Gasper I*, 2018 WL 5849763, at *5. This issue was thus litigated by these parties and decided. Plaintiff provides no controlling law that would lead the court to rule differently in the present case.

As to Almitra Masada, the court finds on *de novo* review that Defendant has not raised a dispute of material fact that Almitra is a necessary party under NY RPAPL § 1311 and therefore REJECTS the R&R's finding on this point. While the prior litigation noted that Almitra resided at the property, *see Gasper I*, 2018 WL 5849763, at *3, she was not a party and there is no indication that she had an interest in the property that would fall within the categories outlined in NY RPAPL § 1311. And Defendant Gasper has not pointed to any evidence that, even if residing on the property, Almitra has a property interest under NY RPAPL § 1311. (*See generally* Opp.) Defendant Gasper states that Almitra "inherited" the property but provides no evidence to support this assertion. (*Id.* ¶ 8.) And while named Defendants Kahlil Gasper and Marlena Gasper are included in the loan and mortgage documents associated with the property, Almitra's name is nowhere to be found. (*See generally* Frantangelo Decl. (Dkt. 60-4).) [4] Therefore, because there is no evidence to the contrary, there is not a "genuine" dispute that Almitra is not a necessary party under NY RPAPL § 1311.

However, because the court has found that Plaintiff has not demonstrated that the ECB is not a necessary party, the court denies the motion for summary judgment without prejudice.

---

[4] Plaintiff also submits a deed with its objections which they argue further demonstrates that Almitra does not have an ownership interest in the property. (Deed (Dkt. 69-2).) However, as with Schedule C discussed *infra*, this is not properly before the court on review of the objections to the R&R. *See Condoleo*, 427 F. Supp. 3d at 319.

Plaintiff may cure the defect through either a renewed summary judgment motion providing evidence that the ECB is not a subordinate lienholder or by amending its complaint to include the ECB. The court gives Plaintiff 45 days to do so.

## B. Objection to Standing Analysis

Plaintiff also challenges the R&R's finding that there is a sufficient question of material fact as to whether Plaintiff has standing in this action. (*See* Pl. Obj. at ECF 3-4; *see also* R&R at 15-16.)

"Under New York law, a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 14-15 (2d Cir. 2015) (summary order) (citing *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). Notably, "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009); *accord Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361, 12 N.Y.S.3d 612, 615, 34 N.E.3d 363 (2015). "Thus, although assignment of a *mortgage* without the accompanying note does not provide the assignee with a right to the debt, the delivery or assignment of a *note* without the accompanying mortgage transfers the debt and can confer standing on the recipient." *Thompson*, 631 F. App'x at 15.

"[T]o establish standing on physical possession of a note, a plaintiff must show (1) possession of the note, either indorsed in blank or specially indorsed to the plaintiff, at the time the action was commenced; and (2) that the note was received by physical delivery." *Id.*

Magistrate Judge Pollack found that there was a genuine dispute of material fact as to whether Plaintiff can demonstrate standing. (R&R at 15-16.) Plaintiff objects, arguing that statements in the Declaration of James Fratangelo, Assets Recovery's Member/Manager, and attachment of the Note to its pleadings are sufficient to demonstrate standing at the summary judgment stage. (Pl. Obj. at ECF 3-4 (citing Frantangelo Decl.; Ex. A to Frantangelo Decl. ("Note") (Dkt. 60-4) at ECF 7-10).) Specifically, Frantangelo states that "Plaintiff received physical possession of the Note prior to the commencement of this action." (Frantangelo Decl. ¶ 9.) And the exhibit showing the Note, which was submitted alongside Plaintiff's motion (Note at ECF 7-8), includes an allonge indorsing the Note to Brightstar Asset Management I, LLC and an allonge indorsing the Note from Brightstar to Plaintiff. (*Id.* at ECF 9-10.) This would generally be sufficient to demonstrate standing. *See Thompson*, 631 F. App'x at 15.

Here, however, Defendant Khalil Gasper raises a genuine dispute of material fact as to whether there was proper assignment of the Note. Defendant Gasper, in his sworn declaration, supports his assertion that Plaintiff lacks standing by pointing to a title search he conducted which shows discrepancies in the timeline of the Note's assignments, in particular the most recent assignments to Brightstar and Plaintiff. (Opp. ¶¶ 11-12; *see also* Gold Abstract Title Search (Dkt. 64-3).) Defendant also calls into question the evidence provided by the Plaintiff, noting that Frantangelo is the sole Member of both Brightstar and Assets Recovery and that the allonge assigning the Note from Brightstar to Plaintiff is signed only by Frantangelo without an affidavit, notarized signature, or a recorded date. (Opp. ¶ 11.) Judge Pollack thus found that that there is at least a question of material fact as to standing and that Plaintiff fails to adequately respond to the challenges raised by Defendant by arguing simply that "mere possession" is sufficient to show standing. (R&R at 15-16.) In its objections to the R&R,

9

Plaintiff does not identify any facts or caselaw overlooked by Magistrate Judge Pollack that would lead the court to reject the Judge's findings. It simply reiterates its position that possession of the Note is sufficient and fails to respond to the concerns noted in the R&R. (*See* Pl. Obj. at ECF 3-4.) On *de novo* review, the court agrees with Judge Pollack and finds that there is a genuine dispute of material fact that Plaintiff demonstrates standing when drawing all reasonable inferences in Defendant's favor. *See Kerzer*, 156 F.3d at 400.

The court thus denies Plaintiff's motion for summary judgment given Plaintiff's inability to demonstrate that there is not a genuine dispute of material fact that it has standing to bring this foreclosure action.[5]

## IV. CONCLUSION

The R&R is ADOPTED IN PART and REJECTED IN PART. The court REJECTS the finding that Almitra Gasper is a necessary party but otherwise ADOPTS the R&R in full. Plaintiff's motion for summary judgment is therefore DENIED without prejudice. Plaintiff may renew its motion for summary judgment or file an amended complaint within 45 days of this Order.

If renewing its motion for summary judgment, Plaintiff is DIRECTED to notify the court of the service of this renewed motion on Defendant Gasper and provide a certificate of service of the renewed motion. Defendant's response is due within 30 days after the service of the renewed motion.

---

[5] Given that the court finds there are material issues of fact in dispute as to the threshold issues discussed above, the court does not reach the issues relating to the motion to strike Defendant's affirmative defenses and counterclaims. (*See* R&R at 16.)

The Clerk of Court is respectfully DIRECTED to send a copy of this Order by certified mail, return receipt requested, to *pro se* Defendant Gasper at his address of record.

SO ORDERED.

Dated:   Brooklyn, New York
         May 20, 2024

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ASSETS RECOVERY 23, LLC,

                              Plaintiff,

                  -against-

KAHLIL GASPER, *et al.*,

                              Defendants.
-------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
19 CV 2628 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

On May 3, 2019, plaintiff Assets Recovery 23, LLC ("plaintiff" or "Assets Recovery"),

commenced this action against Kahlil Gasper ("Mr. Gasper"), Marlena Gasper, and various

"John Doe" defendants (collectively, "defendants"), seeking to foreclose on a mortgage in the

amount of $345,000 on the property known as 187-40 Sullivan Road, Saint Albans, NY 11412.

(Compl.[1] ¶ 1). On June 26, 2019, defendant Kahlil Gasper, proceeding *pro se*, filed his Answer

to the Complaint, which included several affirmative defenses and counterclaims. (ECF No. 15).

On July 15, 2019, plaintiff filed an Amended Answer to Mr. Gasper's affirmative defenses and

counterclaims. (ECF No. 16). On June 4, 2021, the Clerk of Court noted the default of

defendant Marlena Gasper. (ECF No. 31).

Currently pending before this Court is plaintiff's motion for summary judgment and to

strike the affirmative defenses and counterclaims interposed by Kahil Gasper (the "Motion").

(ECF No. 60). For the reasons set forth below, the Court respectfully recommends that the

district court DENY plaintiff's Motion without prejudice.

---

[1] Citations to "Compl." refer to the Verified Complaint filed by plaintiff on May 3, 2019. (ECF No. 1).

FACTUAL BACKGROUND

I.   The Complaint

On or about September 1, 2006, defendant Kahlil Gasper executed and delivered a Note

in the amount of $345,000 to Argent Mortgage Company, LLC ("Argent"), providing for

repayment in monthly installments.  (Fratangelo Aff.[2] ¶ 6, Ex. A; Pl.'s R. 56.1 Stmt.[3] ¶ 1).  As

collateral for the loan evidenced by the Note, Khalil and Marlena Gasper executed and delivered

a Mortgage to Argent, secured by property located at 187-40 Sullivan Road, Saint Albans, N.Y.

(the "Property").  (Fratangelo Aff. ¶ 7, Ex. B; Pl.'s R. 56.1 Stmt. ¶ 2).  The Mortgage was

recorded in the Office of the City Register, Queens County, on November 20, 2006.  (Fratangelo

Aff., Ex. B).

Thereafter, the Mortgage and Note were assigned through a series of recorded

Assignments of Mortgage and Note, first from Argent to Mortgage Electronic Registration

Systems, Inc. ("MERS"), as nominee for CitiMortgage Inc., recorded on February 17, 2009; then

to Citi Property Holdings, Inc., f/k/a Liquidation Properties, Inc., recorded on January 7, 2010;

then to Mariners Pacific Management, LLC, recorded on April 5, 2013; then to Goshen

Mortgage, LLC, recorded on April 5, 2013; then to GDBT 1 Trust 2011-1, recorded on April 24,

2013; then to Brightstar Asset Management 1, LLC, recorded on March 26, 2015; and finally to

Assets Recovery, recorded on March 26, 2015 in the Office of the Register, Queens County.

(Fratangelo Aff. ¶¶ 7–8, Ex. C; see also Compl. ¶¶ 12–18).

According to Mr. Fratangelo, Assets Recovery received physical possession of the Note

prior to commencing the instant foreclosure action, with the physical delivery memorialized by

---

[2] Citations to "Fratangelo Aff." refer to the Affidavit of James Fratangelo, Member/Manager of Assets Recovery, in Support of Plaintiff's Motion for Summary Judgment, dated April 4, 2023.  (ECF No. 60-4).
[3] Citations to "Pl.'s R. 56.1 Stmt." refer to Plaintiff's E.D.N.Y. Local Civil Rule 56.1 Statement of Undisputed Material Facts, filed April 13, 2023.  (ECF No. 60-2).

the Assignments of Mortgage and allonges affixed to the Note.  (Fratangelo Aff. ¶ 9, Exs. A, C;

see also Pl.'s R. 56.1 Stmt. ¶ 10 (asserting that "[p]laintiff was in physical possession and was

the owner and holder of the Note and Mortgage when the Complaint was filed")).  Mr.

Fratangelo attests that the original Note is the same as the copy of the Note attached to the

Complaint and annexed to his Affidavit.  (Fratangelo Aff. ¶ 9).

     Mr. Fratangelo has provided the payment history for the Note which shows that

defendants failed to make the installment payment which became due and payable on September

1, 2008,[4] and that they failed to tender any subsequent installment payments.  (Id. ¶ 10, Exs. D,

E).  Plaintiff's counsel sent a demand letter to defendants (the "Demand Letter"), which was

mailed by first class mail and certified mail on December 17, 2018.  (Pl.'s R. 56.1 Stmt. ¶ 4;

Fratangelo Aff. ¶ 11, Ex. F; Weinreb Decl.,[5] Ex. D).  Also on December 17, 2018, plaintiff's

counsel sent by first class and certified mail to defendants the required 90-Day Notice of Intent

to Foreclose, in accordance with New York Real Property Actions and Proceedings Law ("NY

RPAPL") § 1304.  (Fratangelo Aff. ¶ 13, Ex. G; Pl.'s R. 56.1 Stmt. ¶ 5).  Counsel also completed

the Proof of Filing Statement required by NY RPAPL § 1306, which was filed with the

Department of Financial Services.  (Fratangelo Aff. ¶ 14, Ex. H; Pl.'s R. 56.1 Stmt. ¶ 5; Weinreb

Decl., Ex. D).  Thereafter, defendants failed to cure the default under the Note and Mortgage,

and, according to Mr. Fratangelo and the plaintiff's Payment History, they have failed to make

any payments in connection with the Note and Mortgage since their initial default on September

1, 2008.  (Fratangelo Aff. ¶ 10).

---

[4] The Verified Complaint also states that defendants failed to make the monthly payment due on September 1, 2008 (Compl. ¶ 21), but the plaintiff's Rule 56.1 Statement lists the default as occurring on September 1, 2009. (See Pl.'s R. 56.1 Stmt. ¶ 3).  Since the Payment History attached to Mr. Fratangelo's Affidavit evidences a default in payment as of September 1, 2008, the Court assumes that the reference to 2009 in the plaintiff's 56.1 Statement was a typographical error.  (See Fratangelo Aff., Exs. D, E).

[5] Citations to "Weinreb Decl." refer to the Declaration of Alan H. Weinreb, Esq., in Support of Plaintiff's Motion for Summary Judgment, dated April 5, 2023. (ECF No. 60-3).

II.    Answer and Counterclaims

On June 26, 2019, Kahlil Gasper filed a Verified Answer to the Complaint.  In his Verified Answer, Mr. Gasper denies a number of the allegations in the Complaint and raises a number of affirmative defenses and counterclaims.  Mr. Gasper alleges that he, along with his sisters, Marlena and Almitra Gasper, inherited the property from their grandmother, Shirley Redmon, in 2000, free and clear of any debts.  (Ans.[6] ¶ 4).  According to Mr. Gasper, his sister Almitra resides in the home.  (Id. ¶ 6).  Although he admits signing a promissory note with Argent Mortgage, he challenges the accuracy of the documents assigning the Note and Mortgage, noting, among other things, that the Allonge to Note attached to the Complaint was undated and paid to Assets Recovery 23, LLC from Brightstar Asset Management I, LLC, both of which he alleges are owned by James Fratangelo, with no affidavit, notarized signature or witness.  (Id. ¶ 11 (citing Compl., Ex. C)).  Mr. Gasper alleges that Mr. Fratangelo is not only the sole owner and manager of Brightstar, but also that he "is clearly a financial predator who acts solely for the purpose bringing lawsuit actions."  (Id. ¶ 2).  According to Mr. Gasper, in November 2016, he "received an anonymous phone call, advising [him] that James Fratangelo was found guilty of fraud," and was taken to court by his former business partners, "in which he was accused of fraudulent actions in co-owned businesses, including Plaintiff, Assets Recovery 23."  (Id.)

In the Answer, Mr. Gasper also alleges that plaintiff and plaintiff's predecessors in interest had previously attempted to foreclose on the mortgage but that both actions were dismissed.  (Id. ¶ 9 (citing Liquidation Properties v. Gasper, Index No. 33669/2009 (Queens Sup.

---

[6] Citations to "Ans." refer to defendant Khalil Gasper's Verified Answer, Affirmative Defenses, and Counterclaims, filed June 26, 2019.  (ECF No. 15).

4

Ct. Mar. 11, 2014) (the "Liquidation Properties Action"),[7] and Assets Recovery 23, LLC v. Gasper, 15 CV 5049 (E.D.N.Y.) (the "2015 Federal Action")).[8]

Mr. Gasper asserts as his First Affirmative Defense that plaintiff lacks standing because it was not the holder and assignee of the Note at the time the action was commenced. (Ans. ¶ 32). He alleges that an Expanded Title Search, conducted by Gold Abstract on September 11, 2015, demonstrates that plaintiff lacks standing to bring this foreclosure action, based on Queens County records showing that an assignment was made from GDBT I Trust 2011-1 to Brightstar Asset Management I, LLC on February 4, 2015, but the documents reflect that Brightstar assigned the mortgage to Assets Recovery on January 21, 2015 – two weeks earlier. (Id. ¶ 17).

In his Second Affirmative Defense, Mr. Gasper asserts that the statute of limitations had expired prior to the commencement of the lawsuit. (Id. ¶ 35). In his Third Affirmative Defense, Mr. Gasper asserts that because plaintiff was not the holder or assignee and not a real party in interest, the Complaint fails to state a cause of action. (Id. ¶ 36).

Mr. Gasper also asserts eight counterclaims: (1) that defendant was not provided with any preliminary disclosures required by 12 C.F.R. §§ 226.17(b) and 226.19(a) before the mortgage transaction was finalized, nor was he provided a Good Faith Estimate as required by the Real

---

[7] In denying plaintiff's motion for summary judgment and dismissing the Liquidation Properties Action, Justice David Elliot explained that the plaintiff had failed to move for default judgment against the non-appearing defendants, including co-mortgagor Marlena Gasper, the New York City Environmental Control Board, and Reginald and Felicia Bolt, for over three years after the default. (Ans., Ex. 1 (ECF No. 15 at 17–18)). Citing First Nationwide Bank v. Pretel, 240 A.D.2d 629 (1997), the court explained that "[w]here plaintiff fails to seek leave within one year after default, a reasonable excuse for the delay must be offered to avoid dismissal. . . . None was provided here." (Id.) Since the action then had to be dismissed as to the non-appearing defendants, plaintiff could not proceed to a judgment of foreclosure without them and, therefore, the court denied the motion for summary judgment against Kahlil Gasper.

[8] On September 11, 2018, this Court issued a Report and Recommendation in the 2015 Federal Action, recommending that the case be dismissed because plaintiff had not properly served Marlena Gasper and the court thus lacked jurisdiction over her. (See 1:15-CV-5049-RJD-CLP, ECF No. 49). Since Marlena Gasper was an owner and mortgagor, the Court further recommended that the claims against defendant Khalil Gasper also be dismissed for failure to join a necessary party. (Id.) The district court adopted the Report and Recommendation, and the action was dismissed on November 9, 2018. (See 1:15-CV-5049-RJD-CLP, ECF Nos. 51–52)

Estate Settlement and Procedure Act ("RESPA") until the Closing Date (First Counterclaim); (2) that no Truth in Lending ("TILA") disclosures were issued, and that the amount financed on the TILA disclosure was understated (Second and Seventh Counterclaims); (3) that no broker contract and no Mortgage Broker Business Contract was provided as required by New York law (Third and Sixth Counterclaims); (4) that no explanation of the closing documents and fees were provided so that defendant "was compelled to proceed with the closing and signed the loan documents under duress and coercion" (Fourth Counterclaim); (5) that the loan officer engaged in "Loan Steering" by putting defendant in a high risk loan based on high interest payments, in violation of the Unfair and Deceptive Practices Act, the Equal Credit Opportunity Act, and the Consumer Loan Act (Fifth Counterclaim); and (6) that defendant was charged twice for the same service, seeking damages for the Loan Origination fee and broker fee (Eighth Counterclaim).

## PROCEDURAL HISTORY

Plaintiff filed the instant foreclosure action on May 3, 2019. Summons were issued to Khalil and Marlena Gasper on May 8, 2019. (ECF No. 7). Khalil Gasper filed a motion for extension of time to file an answer and for the appointment of counsel on May 24, 2019. (ECF Nos. 9, 10).

On July 24, 2019, Assets Recovery sought and was granted an extension of time, pursuant to Fed. R. Civ. P. 4(m), to serve defendant Marlena Gasper. (ECF No. 18). On October 11, 2019, plaintiff moved for service by publication. (ECF Nos. 20, 21). This Court[9] granted the motion for substitute service on November 16, 2020, and gave plaintiff an extension of 120 days to complete service on Marlena Gasper. (ECF No. 25). Following service by publication, Assets

---

[9] On April 14, 2020, the case was reassigned to the undersigned and to the Honorable Raymond J. Dearie. The case was thereafter reassigned to the Honorable Nicholas G. Garaufis on March 3, 2023.

Recovery moved for a Certificate of Default as to Marlena Gasper, which was entered by the Clerk of Court on June 4, 2021. (ECF Nos. 29, 30, 31).

On October 7, 2021, this Court held a conference with counsel for plaintiff and defendant Khalil Gasper, appearing *pro se,* at which time a discovery schedule was set. (ECF No. 34). Thereafter, discovery proceeded with several extensions granted for the exchange of defendant's discovery requests. On May 20, 2022, this Court held a status conference at which defendant failed to appear. The conference was adjourned to May 31, 2022, with a warning to defendant that if he failed to appear, discovery would be declared closed. (ECF No. 45).

On June 1, 2022, after his failure to appear at two status conference, defendant Kahlil Gasper was Ordered to inform the Court by June 13, 2022, whether any discovery remained to be completed. (ECF No. 46). Defendant Kahlil Gasper did not do so. Thereafter, the Court issued an Order directing the parties to file a Status Report. (See ECF No. 47). Having heard nothing from defendant Gasper, the Court Ordered discovery closed on October 7, 2022. (ECF No. 49). Thereafter, the Court set a briefing schedule for plaintiff's anticipated Motion for Summary Judgment. (ECF No. 51).

On March 9, 2023, After granting multiple extensions of time, in part because plaintiff indicated the parties were still attempting to settle this matter, this Court set a briefing schedule for plaintiff's anticipated motion for summary judgment, requiring plaintiff's motion for summary judgment to be filed by April 13, 2023, with defendant's opposition due on May 2, 2023. (ECF No. 59). Plaintiff filed its motion for Summary Judgment on April 13, 2023. (ECF No. 60). On May 30, 2023, plaintiff submitted a letter to the Court asking that the motion be marked submitted without opposition because as of that date, defendant Kahlil Gasper had not filed any opposition to plaintiff's motion. (ECF No. 61).

This Court then entered an Order warning that if defendant did not submit a response to the plaintiff's Motion by June 19, 2023, the Court would decide plaintiff's Motion based on plaintiff's submission only. (ECF No. 62). On June 20, 2023, defendant Khalil Gasper, proceeding *pro se*, submitted a response, entitled "Motion in Opposition of Summary Judgment." (ECF No. 64). Although defendant submitted his response a day late, the Court has considered the arguments raised therein in analyzing plaintiff's motion for summary judgment.

DISCUSSION

I.   Legal Standards[10]

   A.   Summary Judgment

It is well-settled that a party moving for summary judgment has the burden of establishing that there is "no genuine dispute as to any material fact" and that the moving party is therefore entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010). Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present their case to the jury, see Buck v. Cleary, 345 F. App'x 660, 662 (2d Cir. 2009); Gibralter v. City of New York, 612 F. Supp. 125, 133–34 (E.D.N.Y. 1985), the court should not grant summary judgment unless "it is quite clear what the truth is" and "there can be but one reasonable conclusion as to the verdict." Rogoz v. City of Hartford, 796 F.3d 236, 246 (2d Cir. 2015) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 250, and Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 467 (1962)). However, "the mere existence of some alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." Garden City Apartments, LLC v. Xcel

---

[10] Unless noted, caselaw quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

8

Plumbing of N.Y., Inc., 233 F. Supp. 3d 346, 350 (E.D.N.Y. 2017) (quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. at 247–48).

    Once the moving party discharges its burden of proof, the party opposing summary

judgment has the burden of setting forth "specific facts showing that there is a genuine issue for

trial, wherein a reasonable jury could return a verdict for the non-moving party." International

Bus. Machs. Corp. v. BGC Partners, Inc., No. 10 CV 128, 2013 WL 1775367, at *4 (S.D.N.Y.

Apr. 25, 2013) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).  A party opposing a

properly supported motion for summary judgment "may not rest upon the mere allegations or

denials of his pleadings." Mitsubishi Motor Credit of Am., Inc. v. Country Motors LLC, No. 07

CV 3528, 2008 WL 3200248, at *2 (E.D.N.Y. Aug. 5, 2008) (quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. at 248).  Although "[a]ll ambiguities must be resolved, and all inferences

drawn, in favor of the non-moving party . . . [t]he non-moving party may not rely on mere

conclusory allegations nor speculation, but instead must offer some hard evidence showing that

its version of the events is not wholly fanciful." Adler v. Kent Vill. Housing Co., 123 F. Supp.

2d 91, 97 (E.D.N.Y. 2000) (citing D'Amico v. City of New York, 132 F.3d 145, 159 (2d Cir.

1998), cert. denied, 524 U.S. 911 (1998), and Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir.

1996)); see also Mhany Mgmt, Inc. v. County of Nassau, 819 F.3d 581, 621 (2d Cir. 2016).

Even if a motion for summary judgment is unopposed, the court must still ensure "that each

statement of material fact is supported by record evidence sufficient to satisfy the movant's

burden of production." Jackson v. Federal Exp., 766 F.3d 189, 194 (2d Cir. 2014).

    Federal Rule of Civil Procedure 56 provides that, in moving for summary judgment or

responding to such a motion, "[a] party asserting that a fact cannot be or is genuinely disputed

must support the assertion by . . . citing to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Rule 56's "requirement that affidavits be made on personal knowledge is not satisfied by assertions made on information and belief." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004) (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988)). If assertions in an affidavit "are not based upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements," a court may strike those portions of the filing, or decline to consider those portions that are not based on personal knowledge or are otherwise inadmissible. Serrano v. Cablevision Sys. Corp., 863 F. Supp. 2d 157, 163 (E.D.N.Y. 2012) (citations omitted). While the Court need consider only the materials cited by the parties, it may consider any other materials in the record in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(3).

B.     Notice to *Pro Se* Litigant

As an initial matter, the Court notes that both federal case law and the Local Civil Rules require that special care be taken to ensure that *pro se* litigants are made aware of important procedural issues that accompany motions for summary judgment. See, e.g., Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621 (2d Cir. 1999) (citing M.B. v. Reish, 119 F.3d 230, 232 (2d Cir. 1997)); McPherson v. Coombe, 174 F.3d 276, 280–281 (2d Cir. 1999). Local Civil Rule 56.2 specifically requires that "[a]ny represented party moving for summary judgment against a party proceeding *pro se* serve and file" the "Notice To Pro Se Litigant Who Opposes a Motion For

10

Summary Judgment"—the contents of which are set forth following the Rule—along with the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1.

Here, plaintiff served the requisite Notice to Pro Se Litigant. (ECF No. 60-5). Although Mr. Gasper did not file a specific counter-statement to plaintiff's Rule 56.1 Statement, he did file a sworn declaration in opposition to the plaintiff's motion for summary judgment, along with exhibits, disputing several aspects of plaintiff's Rule 56.1 Statement. Thus, the Court finds that he was adequately informed of the nature of the instant motion and how to oppose it, and that he effectively did so.

### C.   Mortgage Foreclosure Actions

Under New York law, a mortgage is "merely security for a debt or other obligation." United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991); see also Matter of Rivera v. Blum, 98 Misc. 2d 1002, 1008, 420 N.Y.S.2d 304, 308 (N.Y. Sup. Ct. 1978) (noting that a mortgage is the security for a debt that represents a lien on the mortgaged property). The "mortgagor is bound by the terms of his contract as made" and, in the event of a default, cannot be relieved from the default unless waived by the mortgagee, or where there is "estoppel, or bad faith, fraud, oppressive or unconscionable conduct" on the part of the mortgagee. United States v. Freidus, 769 F. Supp. at 1276 (quoting Nassau Tr. Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 183, 436 N.E.2d 1265, 1269, 451 N.Y.S.2d 663, 667 (1982)). Thus, in actions to foreclose upon a mortgage, the plaintiff must demonstrate three elements: (1) the existence of the mortgage and mortgage note, (2) ownership of the mortgage, and (3) the defendant's default in payment on the loan. Campaign v. Barba, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005); see also United States v. Freidus, 769 F. Supp. at 1277 (holding that foreclosure actions require "proof of the existence of an obligation secured by a mortgage, and a default on that obligation"). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the

11

default, it has satisfied its prima facie entitlement to a judgment of foreclosure. See Fleet Nat'l Bank v. Olasov, 16 A.D.3d 374, 374, 793 N.Y.S.2d 52, 52 (2d Dep't 2005) (citing cases); see also OneWest Bank, N.A. v. Cole, No. 14 CV 3078, 2015 WL 4429014, at *5 (E.D.N.Y. April 17, 2015), report and recommendation adopted, 2015 WL 4429014 (E.D.N.Y. July 17, 2015).

Additionally, "where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent." Deutsche Bank Nat'l Tr. Co. v. Banu, 205 A.D.3d 887, 889–90, 169 N.Y.S.3d 318, 320–21 (2d Dep't 2022) (finding that "plaintiff failed to establish its prima facie entitlement to judgment as a matter of law" where plaintiff failed to submit evidence that it complied with the mortgage's notice of default provisions). After plaintiff establishes its prima facie entitlement to judgment, the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims. Fleet Nat'l Bank v. Olasov, 16 A.D.3d at 374, 793 N.Y.S.2d at 52; see also Gustavia Home, LLC v. Rutty, 720 F. App'x 27, 28 (2d Cir. 2017) (summary order); U.S. Bank Trust Nat'l Ass'n Tr. v. Butti, 16 A.D.3d 408, 408, 792 N.Y.S.2d 505, 506 (2d Dep't 2005); Republic Nat'l Bank of N.Y. v. O'Kane, 308 A.D.2d 482, 482, 764 N.Y.S.2d 635, 635 (2d Dep't 2003).

II.   Analysis

A.   Necessary Parties

The first issue to be determined is whether plaintiff has named and properly served all necessary parties. Under New York Law, a foreclosure action must include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff," NY RPAPL § 1311(3), as well "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the

12

curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof," id. § 1311(1). Courts in New York have especially emphasized that "tenants are necessary parties to a foreclosure action." 1426 46 St. v. Klein, 60 A.D.3d 740, 742, 876 N.Y.S.2d 425, 427 (N.Y. App. Div. 2009). As plaintiff is well aware, "failure to join all interested and necessary parties as either plaintiffs or defendants to an action seeking to foreclose on real property is grounds for dismissal." Assets Recovery 23, LLC v. Gasper, No. 15 CV 5049, 2018 WL 5849763, at *5 (E.D.N.Y. Sept. 11, 2018) (quoting Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc., 139 F. Supp. 2d 462, 466 (S.D.N.Y. 2001)), report and recommendation adopted, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018); see also id. at *10 (recommending dismissal of the Federal 2015 Federal Action for plaintiff's failure to effectively serve Marlena Gasper). Based on the current record, the Court is unable to determine whether plaintiff has named all necessary parties.

First, plaintiff did not include the New York City Environmental Control Board, which was named in the 2015 Federal Action as having a lien on the subject Property. (See 2015 Federal Action). Absent any evidence to the contrary, that lien is presumably still in place. Second, although plaintiff named Marlena and Khalil Gasper in the instant action, plaintiff did not name their sister, Almitra Gasper. In his opposition to the Motion, Mr. Gasper asserts that Almitra Gasper is "the only relevant Jane Doe in this case as the resident of 187-40 Sullivan Road, Saint Albans, N.Y.," i.e., the Property. (Gasper Decl. ¶ 8). Mr. Gasper further asserts that Almitra Gasper "also inherited [the Property] from [their] grandmother, Shirley Redmon, in 2000." (Id.; see also Ans. ¶ 6). Thus, Almitra Gasper may still have an ownership interest, or, at the very least, a tenancy interest in the Property, such that she is a necessary party under NY RPAPL § 1311(1).

With respect to both the Environmental Control Board and Almitra Gasper, it is not enough that the Complaint names the "John Doe Defendants," whom plaintiff asserts are "persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property." (Compl. ¶ 6). As noted above, plaintiff was and surely is aware of the Environmental Control Board's interest in the property given their inclusion in the 2015 Federal Action. Similarly, plaintiff and its counsel were undoubtedly aware of Almitra Gasper's status relative to the Property: she provided testimony in the 2015 Federal Action, when plaintiff asserted that Marlena Gasper had been served at the Property by service upon Almitra Gasper, see Assets Recovery 23, LLC v. Gasper, 2018 WL 5849763, at *5, and Mr. Gasper's Verified Answer identified Almitra Gasper as both the resident of the Property as well as an "inherit[or]" of the Property (Ans. ¶ 6). Plaintiff was thus on notice of the fact that the Environmental Control Board is, and Almitra Gasper is likely a necessary party to this action.

To be clear, this Court does not hold that Almitra Gasper is in fact a necessary party pursuant to RPAPL § 1311(1). Given Khalil Gasper's representations, there is a question as to what Almitra Gasper's status is as a potential co-owner and/or resident of the property. However, in light of the facts suggesting that Almitra Gasper may be a necessary party, and the lack of any evidence to the contrary from plaintiff, the Court finds that plaintiff has not established that RPAPL § 1311's requirements have been satisfied here. Given that conclusion and plaintiff's failure to explain the absence of the Environmental Control Board as a party to this action, this Court respectfully recommends that the district court deny plaintiff's Motion without prejudice.

14

B.    Standing

In addition to the questions raised as to whether all necessary parties have been properly

joined, Mr. Gasper also challenges plaintiff's standing to bring this action as the "owner" of the

mortgage through proper assignment.  (Id. ¶ 9).  Mr. Gasper does not appear to dispute that he

entered into the Note and a mortgage agreement with Argent secured by the Property (see Khalil

Decl. ¶ 10), nor does he appear to dispute defaulting on the payments due on the loan.    Instead,

Mr. Gasper cites the Allonge to Note attached as Exhibit C to the Verified Complaint, noting that

the Allonge has no recorded date, and is not supported by an affidavit attesting to its authenticity.

(Id. ¶ 11).  He also questions the assignment of the Note and Mortgage from GDBT 1 Trust 2011

to Brightstar Asset Management, I, LLC on February 4, 2015, noting that the mortgage was

assigned from Brightstar to plaintiff two weeks before it was assigned from GDBT to Brightstar.

(Id. ¶ 12).  In support of his argument that there is no standing, Mr. Gasper provided an

Expanded Title Search conducted by Gold Abstract, showing these discrepancies in the dates.

(Id., Ex. 3).

Plaintiff argues that mere possession of the original Note is sufficient to establish

standing.  (Pl.'s Mem. at 8 (citing Avail Holding LLC v. Ramos, No. 19 CV 117, 2019 WL

6498170, at *3 (E.D.N.Y. Dec. 3, 2019)); see also OneWest Bank N.A. v. Melina, No. 14 CV

5290, 2015 WL 5098635, *7 (E.D.N.Y. Aug. 31, 2015) (holding that an affidavit attesting to

physical possession of the note prior to the commencement of the action suffices to establish

standing).  Plaintiff dismisses defendant's questions regarding the bona fides of plaintiff's affiant

Mr. Fratangelo and whether plaintiff does in fact have possession of the original Note and

Mortgage, arguing that defendant has not demonstrated any basis to assert a lack of standing.

(Pl.'s Mem. at 10).  To the contrary, defendant has not only attached an Expanded Title Search in

support of his argument regarding the proper assignment of the mortgage and the Note, but also

noted the discrepancies in plaintiff's own documentation. The Court finds that, absent a more substantive response from plaintiff with respect to the issues raised by Mr. Gasper, he has created a sufficient question of material fact as to the existence of standing that warrants denial of plaintiff's motion at this time. For this reason, the Court further recommends denial of plaintiff's Motion for summary judgment without prejudice.

     C.    <u>Other Issues</u>

Defendant raises a number of other arguments in his response to the Motion, including that the statute of limitations bars this action. (Khalil Decl. ¶ 15). Plaintiff, for its part, argues that in addition to granting summary judgment in its favor on the Complaint, the district court should also strike the counterclaims stated in Mr. Gasper's Answer. (Pl.'s Mem. at 12–16). Given that the Court finds there are material issues of fact in dispute as to the threshold issues noted above, the Court does not reach these other issues.

CONCLUSION

In light of the above, this Court respectfully recommends that the district court DENY the plaintiff's Motion For Summary Judgment without prejudice and with leave to renew once plaintiff has addressed the issues noted above.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); <u>see also</u> Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. <u>See, e.g.</u>, <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is ORDERED promptly to serve a copy of this Report and Recommendation on each of the defendants, and to file proof of service on the docket immediately thereafter.

16

**SO ORDERED.**

Dated: Brooklyn, New York
       March 5, 2024

*Cheryl L Pollak*
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

17