UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ASSETS RECOVERY 23, LLC,

                           Plaintiff,

           -against-

KAHLIL GASPER, MARLENA GASPER, and
John Doe "1" through John Doe "10" inclusive,
the names of the last named Defendants being
fictitious, real names unknown to the Plaintiff,
the parties intended being persons or
corporations having an interest in, or tenants or
persons in possession of, portion of the
mortgaged premises described in the Complaint,

                       Defendants.
_____

**MEMORANDUM & ORDER**
**19-CV-2628 (NGG) (PCG)**

NICHOLAS G. GARAUFIS, United States District Judge.

In this diversity action to foreclose on a mortgage pursuant to the New York Real Property Actions and Proceedings Law §§ 1301 *et seq.*, the parties cross-move for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Assets Recovery 23, LLC ("Plaintiff") moves for summary judgment on the Complaint and for an order "striking the Answer" interposed by *pro se* Defendant Kahlil Gasper ("Defendant").[1] (Pl.'s Not. of Mot. (Dkt. 77) at 1; Pl.'s Renewal Mot. for Summ. J. ("Pl.'s Mot.") (Dkt. 77-1).) Defendant cross-moves, arguing that the Complaint was filed "well beyond the limitations period."[2]

---

[1] Defaulting Defendant Marlena Gasper has failed to answer the Complaint or otherwise appear to defend this case. On June 4, 2021, the Clerk of Court entered her default. (Default Cert. (Dkt. 31).)

[2] Defendant's submission is not entitled a 'cross-motion,' but states that Defendant "moves for dismissal of the . . . Complaint based on . . . the statute of limitations," and "requests that the [c]ourt . . . [d]ismiss the Complaint

1

(Def.'s Mot. in Opp'n of Summ. J. ("Def.'s Cross-Mot.") (Dkt. 84 at ECF p.1) at ECF p.2.) Plaintiff opposes Defendant's cross-motion. (Pl.'s Reply (Dkt. 85) at 7-9.)

For the reasons set forth below, the court GRANTS Defendant's cross-motion and DISMISSES the Complaint WITH PREJUDICE. The court does not address Plaintiff's motion, which is DISMISSED AS MOOT.

## I.   BACKGROUND

The court assumes familiarity with the background facts and extensive procedural history of this case as set forth in prior decisions in this district. *See Assets Recovery 23, LLC v. Gasper (Assets Recovery I)*, No. 15-CV-5049 (RJD) (CLP), 2017 WL 3610568, at *1-2 (E.D.N.Y. July 25, 2017), *report and recommendation adopted*, 2017 WL 3610517 (E.D.N.Y. Aug. 21, 2017);

---

based on the statute of limitations" and "grant such other and further relief as the [c]ourt deems just and proper." (Def.'s Cross-Mot. at ECF pp.1, 3.) Given these statements and the obligation to "construe *pro se* submissions liberally and interpret them to raise the strongest arguments that they suggest," *Lasher v. United States*, 970 F.3d 129, 132 n.3 (2d Cir. 2020) (per curiam) (citations and internal quotation marks omitted), Defendant's *pro se* Motion in Opposition of Summary Judgment is, properly construed, "a cross-motion for summary judgment," *Gustavia Home, LLC v. Rutty*, No. 16-CV-2823 (BMC), 2018 WL 2198742, at *3, *5 (E.D.N.Y. May 14, 2018), *aff'd*, 785 F. App'x 11 (2d Cir. 2019) (summary order), requesting that the court dismiss the Complaint under the relevant statute of limitations. *Cf. Joseph v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-4562 (EK), 2025 WL 1504045, at *2 & n.3 (E.D.N.Y. May 27, 2025) (construing *pro se* "Letter in Opposition to Government's Motion for Judgment on the Pleadings" as a cross-motion for judgment on the pleadings); *Okolo v. Comm'r of Soc. Sec.*, No. 13-CV-4273 (PGG) (DCF), 2015 WL 5781417, at *1, *12 (S.D.N.Y. Sept. 30, 2015) (construing *pro se* "Affirmation in Opposition to Motion . . . as a cross-motion for judgment on the pleadings"); *Houston v. Colvin*, No. 12-CV-3842 (NGG), 2014 WL 4416679, at *2 & n.3 (E.D.N.Y. Sept. 8, 2014) (construing *pro se* "Reply to Defendant's Motion to Dismiss . . . to be a Motion for Judgment on the Pleadings").

2

*Assets Recovery 23, LLC v. Gasper (Assets Recovery II)*, No. 15-CV-5049 (RJD) (CLP), 2018 WL 5849763, at *1-5 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted*, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018); *Assets Recovery 23, LLC v. Gasper (Assets Recovery III)*, No. 19-CV-2628 (NGG) (CLP), 2024 WL 2292349, at *1 (E.D.N.Y. May 20, 2024); (*see also* R. & R. Dated 3/5/2024 (Dkt. 65) at 2-8). Thus, the court provides a summary of only the pertinent facts and history here.

## A. Factual Background

The material facts are not in dispute.[3]

In the Fall of 2006, Defendant took out a residential mortgage loan (the "Loan"), executing a note and mortgage loan agreement on September 1, 2006 (respectively, the "Note" and "Mortgage"). (Note (Dkt. 1-1 at ECF p.25); Mortgage (Dkt. 1-1 at ECF p.4).) Therein, Defendant promised to repay the Loan in fixed, monthly payments. (Note §§ 1-3 at ECF p.25; *see also* Mortgage at ECF p.10.) He also agreed that any failure to pay would be considered a default on the Loan sufficient to trigger the

---

[3] Plaintiff submits a Local Rule 56.1 Statement of Undisputed Material Facts in support of its motion. (Pl.'s Loc. Civ. R. 56.1 Stmt. ("Pl.'s 56.1") (Dkt. 77-2).) Defendant does not. In reviewing Defendant's cross-motion, the court "exercised its discretion to conduct an assiduous review of the record in order to consider what the parties have failed to point out in [these submissions]," and considered "only facts that have been established by admissible evidence." *Windward Bora, LLC v. Regalado*, 751 F. Supp. 3d 122, 127 (E.D.N.Y. 2024) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)); *see also McGowan v. Stanley*, No. 23-CV-7769, 2024 WL 5038633, at *2 (2d Cir. Dec. 9, 2024) (summary order) (same).

Note's acceleration provision.[4] (Note § 6 at ECF p.25; Mortgage at ECF pp.20-21.)

Defendant stopped making the payments on September 1, 2008, and continues to be in default on the Loan. (Pl.'s 56.1 ¶ 3; Frantangelo Aff.) (Dkt. 77-4) ¶ 12.)

After Defendant's first missed payment, the Note and Mortgage were reassigned to various entities—including to Liquidation Properties, Inc. ("L.P.") in late 2009, and ultimately to Plaintiff in early 2015. (Recorded Assignment Dated 1/7/2010 (Dkt. 1-1 at ECF p.32); Recorded Assignment Dated 3/26/2015 (Dkt. 1-1 at ECF p.52); Allonges to Note (Dkt. 1-1 at ECF p.27).)

### B.  Procedural History

Before the filing of the current action, Plaintiff and L.P. initiated two prior actions to foreclose on the Mortgage against Defendants Kahlil and Marlena Gasper (collectively, "the Gaspers")—the first, filed by L.P. in state court in 2009 and the second, filed by Plaintiff in this court in 2015. Because the history of this case spans over sixteen years across three dockets, the relevant procedural context is as follows.

On December 16, 2009, L.P. filed the first action to foreclose on the Mortgage in the New York Supreme Court, Queens County (the "2009 Action"). In the complaint, L.P. stated that it "has elected and does elect that the whole of the principal sum secured [by the Mortgage] become immediately due and payable."

---

[4] "An acceleration clause gives the holder of the borrower's promissory note the right, in the event of the borrower's default, to demand the borrower's immediate payment of the entire outstanding loan balance," and to "sue to recover the entire principal and interest due" under the note and mortgage. *Van Dyke v. U.S. Bank, Nat'l Ass'n*, No. 97, ___ N.E.3d ___, 2025 WL 3272341, at *1 (N.Y. Nov. 25, 2025); *Article 13 LLC v. Ponce De Leon Fed. Bank*, No. 96, ___ N.E.3d ___, 2025 WL 3272351, at *2 (N.Y. Nov. 25, 2025).

4

(Compl. for Foreclosure of a Mortgage ¶ 12, *Liquidation Properties, Inc. v. Gasper et al.,* Index No. 33669/2009 (Sup. Ct., Queens Cnty. Dec. 16, 2009) (Dkt. 1) (hereinafter the "2009 Complaint").[5]) That is, in the 2009 Complaint, L.P. invoked the Note's acceleration provision, accelerated the Loan, and sued the Gaspers to recover the entire principal and interest due under the Note and Mortgage.

In March 2014, the New York Supreme Court dismissed L.P.'s claims against Marlena Gasper and denied L.P.'s motion for summary judgment against Defendant. (Order Denying Summ. J. in *2009 Action.*) Three months later, the court dismissed the 2009 Action without prejudice upon L.P.'s motion for a voluntary discontinuance. (Order Discontinuing Action & Cancelling Lis Pendens (Dkt. 23 in *2009 Action*) (Oct. 6, 2014).)

Plaintiff filed the second action to foreclose on the Mortgage in this court on August 28, 2015 (the "2015 Action"). (Compl., *Assets Recovery 23, LLC v. Gasper et al.,* No. 15-CV-5049 (RJD) (CLP) (E.D.N.Y. Aug. 28, 2015) (Dkt. 1) (hereinafter the "2015 Complaint").[6]) Ultimately, the court dismissed the case without prejudice, but not before contested motion practice, including on the issue of whether the 2015 Complaint was barred by the statute of limitations. *Assets Recovery II,* 2018 WL 5849763, at *10 (dismissing case); *Assets Recovery I,* 2017 WL 3610568, at *7-9 (statute of limitations). On that issue, Plaintiff "argue[d] that the [L]oan was actually accelerated by the filing of the state court action to foreclose the mortgage [the 2009 Action] on December 16, 2009 and the instant action [the 2015 Action] was filed on

---

[5] Hereinafter, all citations to the filings and orders in the 2009 Action are cited as "___ (Dkt. _ in *2009 Action*) ([Date])." For example, "Order Denying Summ. J. (Dkt. 18 in *2009 Action*) (Mar. 11, 2014)."

[6] Hereinafter, all citations to the parties' filings and submissions in the 2015 Action are cited as "___ (Dkt. _ in *2015 Action*) ([Date])." For example, "Clerk's J. (Dkt. 52 in *2015 Action*) (Nov. 9, 2018)."

August 28, 2015, within the six-year statute of limitations." *Assets Recovery I*, 2017 WL 3610568, at *7.[7] That is, Plaintiff argued that its foreclosure claim against the Gaspers accrued upon the filing of the 2009 Complaint—wherein L.P. "properly accelerated" the Loan—and that the 2015 Complaint—filed "within the [six]-year window of the December 16, 2009 acceleration"—was timely. (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s 2016 Opp.") at 12 (Dkt. 32-3 in *2015 Action*) (Dec. 6, 2016) (citing Printout of 2009 Docket Dated 11/29/2016 (Dkt. 32-2 in *2015 Action*) (Dec. 6, 2016) (hereinafter the "2009 Docket")).)

On May 3, 2019, Plaintiff commenced the current action—the third successive action filed against the Gaspers to foreclose on the Mortgage. Proceeding *pro se*, Defendant filed his Answer, asserting the affirmative defense that this case is barred by the statute of limitations. (Def.'s Verified Answer (Dkt. 15) ¶ 35.) In 2023, Plaintiff moved for summary judgment on the Complaint and on the Answer. *See Assets Recovery III*, 2024 WL 2292349, at *1. In May 2024, this court denied the motion without prejudice due to genuine factual issues regarding Plaintiff's standing and its failure to join all necessary parties. *Id.* at *1, *5.

Plaintiff now renews its motion. Defendant cross-moves for summary judgment on the Complaint, arguing that the case must be dismissed as untimely under the applicable statute of limitations.

## II.  LEGAL STANDARDS

Rule 56 authorizes summary judgment "only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Capitol Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir. 2025)

---

[7] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

(quoting Fed. R. Civ. P. 56(a)). That is, summary judgment is appropriately granted "only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." *Lara-Grimaldi v. County of Putnam*, 132 F.4th 614, 633 (2d Cir. 2025).

In considering a motion for summary judgment, the court "must review all of the evidence in the record, [a]nd in reviewing all of the evidence to determine whether judgment as a matter of law is appropriate, the court must draw all reasonable inferences in favor of the nonmoving party." *Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 147 (2d Cir. 2024) (emphasis omitted). The court's function is "only to determine whether, as to any material issue, a genuine factual dispute exists." *Lara-Grimaldi*, 132 F.4th at 633. A genuine factual dispute exists only when there is sufficient "evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

*Pro se* submissions "must be held to less stringent standards" than those drafted by attorneys—including at summary judgment. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Commodity Futures Trading Comm'n v. Alexandre*, 801 F. Supp. 3d 185, 193 (S.D.N.Y. 2025) ("Courts are less demanding of *pro se* litigants generally, particularly where motions for summary judgment are concerned.") (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014)). The court "must read a *pro se* litigant's submissions 'liberally' and construe them 'to raise the strongest arguments that they suggest.'" *Alexandre*, 801 F. Supp. 3d at 193 (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)); *see also Singleton v. Doe*, 210 F. Supp. 3d 359, 365 (E.D.N.Y. 2016) (same).

7

In federal diversity cases, "state statutes of limitations govern state-law claims," and "state law controls the point at which a suit is considered commenced for statute of limitations purposes." *Morse v. Elmira Country Club*, 752 F.2d 35, 37 (2d Cir. 1984) (citing *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945)), 38 (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980)); *see also Elavon, Inc. v. Katz*, No. 23-CV-1259, 2025 WL 1202075, at *2 (2d Cir. Apr. 25, 2025) (summary order) (same). If "no recovery could be had in a [s]tate court because the action is barred by the statute of limitations," a federal court cannot "take cognizance of the suit [simply] because there is diversity of citizenship between the parties." *Guaranty Trust*, 326 U.S. at 107; *see also Walker*, 446 U.S. at 753 (same).

A New York statute of limitations defense is governed by a two-step, burden-shifting framework. "A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired." *Cisco v. Verizon New York, Inc.*, 244 A.D.3d 809, 811 (2d Dep't 2025) (collecting cases); *see also 21st Mortg. Corp. v. Balliraj*, 177 A.D.3d 687, 688 (2d Dep't 2019) (same); *U.S. Bank, N.A. v. Nicholson*, 82 Misc. 3d 1239(A), 208 N.Y.S.3d 853, 2024 WL 1903298 at *2 (Sup. Ct., Suffolk Cnty. 2024) (same). "The time within which an action must be commenced, . . . shall be computed from the time the cause of action accrued to the time the claim is interposed." *Balliraj*, 177 A.D.3d at 688 (quoting N.Y. C.P.L.R. § 203(a)). Consequently, to meet its burden, "a defendant must establish when the causes of action accrued" and that each claim was "interposed" after the applicable limitations period had expired. *Id.* (collecting authority). If a defendant makes this prima facie showing, it establishes a presumptive right to dismissal of the complaint that can be overcome only by an affirmative showing by the plaintiff. *Cisco*, 244 A.D.3d at 811

(collecting cases). "The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations or whether the statute of limitations has been tolled or whether an alternate date of accrual would render the action timely." *Id.*; *see also Bank of New York Mellon v. Jones*, 239 A.D.3d 805, 806 (2d Dep't 2025) (same).

## III. DISCUSSION

The court grants Defendant's cross-motion.

### A.   Defendant's prima facie Showing

Defendant has made the prima facie showing necessary to shift the burden to Plaintiff.

Defendant argues that an action to foreclose on the Mortgage is time-barred by the statute of limitations. He avers that Plaintiff's cause of action accrued, and the statute of limitations "began to run[,] when the [L]oan was . . . accelerated by Plaintiff's predecessor, no later than December 16, 2009." (Def.'s Cross-Mot. at ECF p.2.)

Plaintiff counters that this action is timely. Notwithstanding its prior, contrary statements that the Loan was "properly accelerated . . . by the filing of the [2009 Action]" and that the applicable limitations period is the "six-year window [after] the December 16, 2009 acceleration," (Pl.'s 2016 Opp. at 12 (citing 2009 Docket)), Plaintiff now insists that the Loan was actually "accelerate[d] by filing the instant action on May [3], 2019," (Pl.'s Reply at 9). In a footnote, Plaintiff acknowledges its filing of the 2015 Action, stating: "Even if the 2015 federal foreclosure action effected a valid acceleration, it was commenced by the same plaintiff as the instant action, and the current foreclosure was

timely filed within six years. Accordingly, the statute of limitations would not bar this action in any event." (*Id.* at 9 n.2 (citing *2015 Action*).)

"In New York, an action to foreclose on a mortgage is subject to a six-year statute of limitations." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021) (citing N.Y. C.P.L.R. § 213(4)); *Van Dyke*, 2025 WL 3272341, at *1 (same). The "six-year statute of limitations on an action to foreclose on a mortgage begins to run when a foreclosure action is commenced, and the mortgage debt is accelerated, or the entire mortgage amount made immediately due."[8] *Article 13 LLC v. Ponce De Leon Fed. Bank*, 132 F.4th 586, 589 (2d Cir. 2025), *certified question accepted*, 43 N.Y.3d 982 (N.Y. 2025), *and certified question answered*, No. 96, ___ N.E.3d ___, 2025 WL 3272351 (N.Y. Nov. 25, 2025). That is, a cause of action to foreclose on a mortgage "accrues" when a noteholder "accelerates" a mortgaged debt, and the start of the six-year window within which to commence a foreclosure action, is "the date of the acceleration." *Article 13 LLC*, 2025 WL 3272351, at *2 ("[I]f a lender elects to accelerate the loan, the cause of action for the entire outstanding debt and interest accrues on that date, thus commencing the six-year statute of limitations."); *Van Dyke*, 2025 WL 3272341, at *1 ("[W]hen a noteholder accelerates a defaulted loan, the six-year limitations period starts running as to the entire amount due under the loan as of the date of the acceleration.").

Importantly, once a mortgaged loan is accelerated, a noteholder cannot "unilaterally reset the foreclosure limitations period" by claiming to "de-accelerat[e]" the debt. *Van Dyke*, 2025 WL

---

[8] That is because while a mortgage loan is an installment contract, once the mortgaged debt is accelerated, "the borrowers' right and obligation to make monthly installments cease and all sums become immediately due and payable." *EMC Mortg. Corp. v. Patella*, 279 A.D.2d 604, 605 (2d Dep't 2001).

3272341, at *2 (citing N.Y. C.P.L.R. §§ 203(h), 3217(e)). Instead, once the loan has been accelerated, "no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual [of the cause of action], or otherwise purport to effect a unilateral extension of the limitations period"—including through a "voluntary discontinuance." *Id.* (first quoting N.Y. C.P.L.R. § 203(h); and then quoting N.Y. C.P.L.R. § 3217(e)). These statutory rules bind future noteholders and specifically apply in "successive foreclosure action[s]." *Id.* at *2, *6 (explaining that N.Y. C.P.L.R. §§ 203(h), 213(4), and 3217(e) "narrowly bar successive, collateral challenges to certain prior loan accelerations and curtail noteholders' ability to unilaterally reset the limitations period to foreclose"); *Article 13 LLC*, 2025 WL 3272351, at *4-5 (similar).

Here, the parties do not dispute that an acceleration has occurred—only when. Therefore, the court's assessment of this action's timeliness turns on determining when the Loan was accelerated. *Van Dyke*, 2025 WL 3272341, at *1 ("[I]n assessing a foreclosure action's timeliness, determining whether and when the subject loan was accelerated can be critical.").

Under New York law, a noteholder "can accelerate a loan in various ways," but "to be valid, an election to accelerate must be made by an unequivocal overt act that discloses the noteholder's choice" to accelerate the mortgaged debt. *Id.* A valid "[a]cceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage." *Jones*, 239 A.D.3d at 806 (collecting authority).

Here, Defendant "established, prima facie, that the instant action was untimely" by showing that: (1) the "six-year statute of limitations began to run on the entire debt in [December] 2009, when the 2009 [A]ction was commenced and [Plaintiff]'s predecessor in interest elected to call due the entire amount secured

11

by the [M]ortgage"; and (2) the "instant action was commenced [in May 2019], more than six years later." *HSBC Bank USA, N.A. v. Corrales*, 224 A.D.3d 816, 818-19 (2d Dep't 2024); *see also MTGLQ Invs., L.P. v. Singh* (*MTGLQ Invs.*), 216 A.D.3d 1087, 1088 (2d Dep't 2023) (finding defendant's burden met where the evidence "demonstrated, prima facie, that the six-year statute of limitations began to run on or about June 9, 2011, when Aurora [the plaintiff's predecessor-in-interest] commenced the 2011 action and elected to call due the entire amount secured by the mortgage" and "that the instant action was commenced in 2018"); *U.S. Bank Nat'l Ass'n v. Singh* (*Singh*), No. 2024–01505, ___ N.Y.S.3d ___, 2026 WL 602528, at *2 (2d Dep't Mar. 4, 2026) (finding defendant's burden met where the evidence "established, prima facie, that the six-year statute of limitations began to run in May 2008 when the plaintiff commenced the 2008 action and elected in the complaint to call due the entire amount secured by the mortgage" and "that this action was commenced in August 2017").

Even putting aside Plaintiff's prior position that the Loan was "accelerated . . . on December 16, 2009," *Assets Recovery I*, 2017 WL 3610568, at *7, the undisputed evidence establishes that the Loan was validly accelerated when L.P. filed the summons and complaint in the 2009 Action and unequivocally elected to call due the entire amount secured by the Mortgage.[9] (2009 Complaint ¶ 12); *Singh*, 2026 WL 602528, at *2 ("The entire

---

[9] Under these circumstances, the court could invoke the equitable doctrine of judicial estoppel to conclude that no genuine factual dispute exists as to when the Loan was accelerated and grant Defendant's cross-motion on that basis because: (1) Plaintiff's current position that the Loan was accelerated on May 3, 2019 is "clearly inconsistent" with its former position that the Loan was accelerated on December 16, 2009; and (2) the former position was "adopted . . . by the court" when it declined to grant Defendant's motion to dismiss the 2015 Action as time-barred because it agreed that the 2015 Complaint had been filed within six-years of the filing of the 2009

mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance."); *see also HSBC Bank USA, N.A. v. St. Hillaire*, No. 2024-02731, ___ N.Y.S.3d ___, 2026 WL 216876, at *2 (2d Dep't Jan. 28, 2026) (concluding the "defendants demonstrated, prima facie, that the mortgage debt was accelerated and that the six-year statute of limitations began to run . . . when the plaintiff commenced the 2013 action and elected to call due the entire amount secured by the mortgage").

For the above reasons, Plaintiff's cause of action accrued on December 16, 2009, and the limitations period ended on December 16, 2015. *See Article 13 LLC*, 2025 WL 3272351, at *2; *Van Dyke*, 2025 WL 3272341, at *1. The undisputed evidence also shows that this action was commenced on May 3, 2019. (Compl. (Dkt. 1).) Therefore, Defendant has met his burden to establish, prima facie, when Plaintiff's cause of action accrued and that the case was initiated after the six-year limitations period expired. *See, e.g., St. Hillaire*, 2026 WL 216876, at *2; *Corrales*, 224 A.D.3d at 818-19; *MTGLQ Invs.*, 216 A.D.3d at 1088.

The burden now shifts to Plaintiff to rebut Defendant's prima facie showing. *Cisco*, 244 A.D.3d at 811.

---

Action. *Ashmore v. CGI Grp., Inc.*, 923 F.3d 260, 271-72 (2d Cir. 2019) (explaining that the doctrine—which "prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding"—applies when: "(1) a party's later position is clearly inconsistent with its earlier position, and (2) the party's former position has been adopted in some way by the court in an earlier proceeding") (citing *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)); *Assets Recovery I*, 2017 WL 3610568, at *7, *9 (relying on and citing (Pl.'s 2016 Opp. at 12)). Nevertheless, the court proceeds by showing that Defendant has made the necessary prima facie showing and that Plaintiff's arguments in opposition are unavailing.

13

### B.   Plaintiff's Rebuttal

Plaintiff has failed to rebut Defendant's prima facie showing by failing to raise a "genuine issue of material fact" as to the sufficiency of Defendant's evidence, *Lara-Grimaldi*, 132 F.4th at 633, and by failing to "present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations or whether the statute of limitations has been tolled or whether an alternate date of accrual would render the action timely," *Cisco*, 244 A.D.3d at 811.

Plaintiff advances several arguments for why the court should disregard the 2009 acceleration and find that the limitations period actually began upon "Plaintiff's election to accelerate [the Loan] by filing the instant action on May [3], 2019." (Pl.'s Reply at 7-9.) None is convincing.

### 1.   Sufficiency of the Evidence

There is no genuine dispute that a valid acceleration occurred in 2009. Instead, Plaintiff argues that Defendant's evidence of the acceleration is insufficient. (Pl.'s Reply at 8 ("Defendant has submitted no admissible evidence that a valid and unequivocal acceleration occurred in 2009.").) This argument fails because it both misunderstands Defendant's burden and overlooks the evidence in the record.

According to Plaintiff, for Defendant to prevail on his cross-motion, *he* must submit "a copy of the 2009 [C]omplaint, . . . or any relating filing from the 2009 [A]ction that would demonstrate an affirmative election to accelerate the debt more than six years before the instant action was commenced in 2019." (*Id.*) Not so.

At summary judgment, the court "may not properly consider the evidence in piecemeal fashion." *Lara-Grimaldi*, 132 F.4th at 633. Instead, the court "must review all of the evidence in the record," *Porter*, 92 F.4th at 147, and decide whether all of that evidence

14

"warrants the entry of judgment for the moving party as a matter of law," *Lara-Grimaldi*, 132 F.4th at 633.

Here, "all of the evidence in the record" includes the full docket in the 2009 Action—including the 2009 Complaint. This is true for at least two reasons. First, Plaintiff submitted the 2009 Docket (which includes the 2009 Complaint) to this court in the 2015 Action. (2009 Docket at ECF p.2.; *see also* 2009 Complaint.) A "court may . . . take judicial notice of documents publicly filed in other cases." *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000). The court does so here.[10] Second, the filings in the 2009 Action are themselves public, state court filings of which the court may also properly take judicial notice. *See Karabas v. TC Heartland LLC*, 770 F. Supp. 3d 454, 463-64 (E.D.N.Y. 2025) ("A court may take judicial notice of documents publicly filed in other cases."); *Onfroy v. L. Offs. of Geoffrey T. Mott, P.C.*, 751 F. Supp. 3d 195, 201 (E.D.N.Y. 2024) ("The [c]ourt may . . . take judicial notice of documents in the public record, including state court filings.") (citing *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.

---

[10] Courts routinely take judicial notice of the existence and contents of documents filed in prior, related foreclosure actions—including at summary judgment. *See, e.g., O'Sullivan v. PHH Mortg. Corp.*, No. 22-CV-4420 (NJC) (ARL), 2025 WL 1835926, at *2 n.1 (E.D.N.Y. July 3, 2025) (taking "judicial notice of the existence of the Foreclosure Action and the documents filed in that case"); *Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-CV-4871 (VEC), 2020 WL 1151313, at *2 n.3 (S.D.N.Y. Mar. 9, 2020) (taking "judicial notice of the existence and content of the relevant records of the New York State courts, many of which have been placed before this [c]ourt by the parties"); *Johnson-Gellineau v. Steine & Assocs., P.C.*, No. 16-CV-9945 (KMK), 2018 WL 1605574, at *3 n.4 (S.D.N.Y. Mar. 29, 2018) (taking "judicial notice of th[e] [s]ummons and [c]omplaint, and other documents filed in the state foreclosure proceeding"); *Roy v. Bank of New York Mellon*, No. 17-CV-6729 (MKB) (LB), 2018 WL 4771898, at *2 n.3 (E.D.N.Y. Sept. 30, 2018) (taking "judicial notice of documents filed in the related state court foreclosure proceeding").

15

2004)). In addition, L.P.'s filing of the 2009 Complaint, and acceleration of the Loan therein, are facts of which the court may properly take judicial notice on its own at summary judgment because they are "not subject to reasonable dispute" under Rule 201 of the Federal Rules of Evidence, and there are no doubts as to the complaint's authenticity. Fed. R. Evid. 201(b)(2); *Karabas*, 770 F. Supp. 3d at 463-64 (same).

In light of the obligation to "review all of the evidence," *Porter*, 92 F.4th at 147, Plaintiff's argument that there is insufficient evidence of a valid acceleration prior to the filing of the Complaint in this action on May 3, 2019 is unavailing. (Pl.'s Reply at 8-9.) It also fails to create a "genuine issue" as to the material fact of the Loan's date of acceleration. *Lara-Grimaldi*, 132 F.4th at 633.

### 2. Alternate Date of Accrual

Plaintiff's remaining arguments are in support of May 3, 2019 being an alternate date of accrual. (Pl.'s Reply at 7-9.) But each of these arguments is squarely foreclosed by the New York Foreclosure Abuse Prevention Act ("FAPA").[11] *Van Dyke*, 2025 WL 3272341, at *2; *Article 13 LLC*, 2025 WL 3272351, at *4-5.

First, Plaintiff appears to argue that the court should disregard the 2009 acceleration because the 2009 Action was "filed by [L.P.]—not the current Plaintiff" and because it "was dismissed

---

[11] The New York Court of Appeals has already decided that FAPA (enacted in 2022) applies retroactively "to all actions commenced on, as relevant here, a residential mortgage loan agreement, in which a final judgment of foreclosure and sale has not been enforced," and that its retroactive application is constitutional. *Van Dyke*, 2025 WL 3272341, at *2 (quoting FAPA § 10), *7 (holding that "the legislature made plain its intent that FAPA §§ 4, 7, and 8 apply retroactively to actions pending on FAPA's effective date" and that retroactive application of these provisions is "constitutional[]").

without a judgment of foreclosure and sale and without any adjudication on the merits."[12] (Pl.'s Reply at 8.) To the extent that Plaintiff argues that the 2009 Action's dismissal had any impact on the statute of limitations, this argument is expressly barred by Section 8 of FAPA.

Section 8 states, in relevant part, that "'in any action on' . . . a residential mortgage loan agreement, 'the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in force or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period.'" *Van Dyke*, 2025 WL 3272341, at *2 (quoting FAPA § 8, codified at N.Y. C.P.L.R. § 3217(e)).

The New York Supreme Court dismissed the 2009 Action upon L.P.'s motion for a voluntary discontinuance. (Order Discontinuing Action in *2009 Action*.) Under Section 8, neither L.P.'s motion, nor the court's order, "revive[d] or reset the statute of limitations." *Singh*, 2026 WL 602528, at *2 (collecting authority). Thus, contrary to Plaintiff's contention, "the voluntary discontinuance of the 2009 [A]ction did not 'in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period.'" *Corrales*, 224 A.D.3d at 818-19 (quoting *U.S. Bank Nat'l Ass'n v. Simon*, 216 A.D.3d 1041, 1043 (2d Dep't 2023)); *see also Jones*, 239 A.D.3d at 806-07 ("Contrary to the plaintiff's contention, its voluntary discontinuance of the 2009 action did not serve to reset the statute of limitations.") (collecting authority). Therefore, this first argument fails to raise a triable issue of fact as to the actual date of accrual.

---

[12] Opposing Defendant's motion to dismiss the 2015 Action as untimely, Plaintiff had argued to this court that "[i]t is true, albeit inconsequential, that at the time the [2009 Action] was commenced, a different [p]laintiff from the current Plaintiff was the owner and holder of the mortgage loan." (Pl.'s 2016 Opp. at 12.)

17

Plaintiff next argues that the 2009 acceleration was invalid because Defendant "challenged [L.P.'s] standing in the 2009 [A]ction" and "[w]here standing is lacking at the time of commencement, as was the case in the 2009 [A]ction, any attempted acceleration is legally ineffective and does not trigger the statute of limitations." (Pl.'s Reply at 8.) However, Plaintiff is estopped from "challenging the validity of [L.P.]'s 2009 acceleration" under Section 7 of FAPA. *Van Dyke*, 2025 WL 3272341, at *3.

Section 7 "estops a noteholder in a successive foreclosure action from challenging the validity of a loan acceleration made 'prior to, or by way of commencement of' a prior foreclosure action, unless the court in the prior action expressly determined, based on a timely raised defense, that the acceleration was invalid." *Id.* at *2 (quoting FAPA § 7, codified at N.Y. C.P.L.R. § 213(4)). Consequently, "even if a prior foreclosure action was commenced by another party not in possession of the underlying note, and that action was discontinued without an express determination by the court that the instrument was not validly accelerated"—because the plaintiff who elected to accelerate the loan in the complaint lacked standing to foreclose on the mortgage at the time it filed the complaint—"the six-year statute of limitations accrued on the date that action was commenced and continued to run from that date." *Article 13 LLC*, 2025 WL 3272351, at *5.

Here, the 2009 Action was dismissed—but *not* "on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." *Id.* at *4 (quoting FAPA § 7, codified at N.Y. C.P.L.R. § 213(4)). Because the 2009 Action was discontinued upon L.P.'s motion for a voluntary discontinuance (not upon a finding that L.P. lacked standing), "FAPA bars [Plaintiff, as] the holder of [the] note [and] mortgage[,] from claiming that the statute of limitations has not expired 'because the [Loan] was not validly accelerated.'" *Id.* (quoting FAPA § 7, codified at N.Y. C.P.L.R. § 213(4)).

18

Finally, Plaintiff argues that its acceleration of the Loan on May 3, 2019 "was valid and timely." (Pl.'s Reply at 9.) To the extent that this argument suggests that Plaintiff's 2019 acceleration reset the limitations period, it is squarely foreclosed by Section 4 of FAPA.

In pertinent part, Section 4 states that "'once a cause of action has accrued' under . . . a residential mortgage loan agreement, 'no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law.'" *Van Dyke*, 2025 WL 3272341, at *2 (quoting FAPA § 4, codified at N.Y. C.P.L.R. § 203(h)). That is, a noteholder—past, present, or future—cannot "unilaterally waive, postpone, cancel, toll, revive, or reset," nor "effect a unilateral extension of[,] the limitations period." *Id.* (quoting FAPA § 4, codified at N.Y. C.P.L.R. § 203(h)). Under this standard, Plaintiff—as the current noteholder—cannot argue that the filing of the Complaint in this action somehow reset or revived the limitations period that began with the filing of the 2009 Action. *See Corrales*, 224 A.D.3d at 819.

For these reasons, the court finds that Plaintiff has failed to raise a question of fact to be tried under Rule 56 and has failed to meet its burden to rebut Defendant's prima facie showing of this action's untimeliness under New York's statute of limitations laws.

\* \* \*

Here, the undisputed evidence shows that the Loan was validly accelerated upon the filing of the 2009 Action on December 16, 2009, and that Plaintiff's commencement of the current action occurred after the expiration of the six-year statute of limitations period. Plaintiff points to no evidence suggesting that the limitations period was tolled, reset, or otherwise inapplicable, or that an alternate date of accrual renders this action timely. Under

19

these circumstances, Defendant is entitled to judgment as a matter of law. *See, e.g., Singh*, 2026 WL 602528, at *2; *Corrales*, 224 A.D.3d at 819; *MTGLQ Invs.*, 216 A.D.3d at 1088-89.

## IV. CONCLUSION

For the above reasons, the court GRANTS Defendant's cross-motion for summary judgment. Therefore, the Complaint is DISMISSED WITH PREJUDICE and Plaintiff's motion for summary judgment is DISMISSED AS MOOT.

The Clerk of Court is respectfully DIRECTED to close the case and to send a copy of this Order by certified mail, return receipt requested, to *pro se* Defendant Kahlil Gasper at his address of record.

SO ORDERED.

Dated:    Brooklyn, New York
          March 30, 2026

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge